## WILLIAM HOOD ·v. SAMUEL HAMILTON *et al.*

MEXICAN GRANT TO HUSBAND HIS SEPARATE PROPERTY.—Where a Mexican grant
to a married man contained the following conditions : " 1st. Neither the grantee
nor his heirs can divide or alienate the premises granted to him, nor place upon
the same any mortgage or other charge, even though such mortgage or charge be
for pious purposes, nor shall he convey it in mortmain ; 2d. He can fence it with-
out prejudicing the crossings, roads, servitudes ; he can enjoy it freely and exclu-
sively, destining it to the uses or cultivation that best suits him, but in one year
he shall build a house which shall be inhabited ; 3d. He shall solicit, as soon as
possible, the proper Judge to give him juridical possession, by virtue of this title,
by which the boundaries shall be set out, in which boundaries he shall put land
marks, and some fruit or rustic trees of some utility ; 4th. The tract of land
which is of one square league, a little more or less, according to the sketch which
goes with the *espediente ;* The Judge who may give the possession will have it
measured according to the ordinances, mark out the boundaries, leaving the sur-
plus which shall result to the Nation for suitable uses ; and 5th. If he fail to
perform these conditions, he shall lose his right to the land, and it shall be
denounceable by others ;" *held,* that the land granted was a donation, and vested
in the husband as his separate estate.

STATEMENTS OF COUNSEL IN BRIEFS.—While the uncontradicted statements of the
counsel of one of the parties in his brief cannot be taken as a part of the record,
still they may be referred to as tending to show that the inference drawn from a
record which does not profess to disclose all the facts is not unfounded.

CASES AFFIRMED.—*Scott* v. *Ward,* 13 Cal. 458 ; *Noe* v. *Card,* 14 Cal. 576 ; *Fuller*
v. *Ferguson,* 26 Cal. 546 ; *Wilson* v. *Castro,* 31 Cal. 433.

APPEAL from the District Court, Third Judicial District,
Santa Clara County.

Action to recover possession of a tract of land in Santa
Clara County, containing about four hundred acres, and parcel
of the tract of land known as " the Rancho of Santa Teresa."
Complaint in the usual form.   The answers denied the alle-
gations of the complaint, and in addition thereto set up that
the defendants were the owners in fee of undivided interests
in the said " Rancho of Santa Teresa," and were therefore
in possession and entitled to possession as tenants in com-
mon.   The pleadings were not verified.   The cause was
tried before a Court without a jury.

It was admitted that the demanded premises were a part
of the " Rancho Santa Teresa," and that said rancho was
granted by the Mexican Nation to Joaquin Bernal in 1835,
under and by virtue of the colonization laws, with the

approval of the Departmental Assembly, and that the following was a correct translation of the grant:

" José Figueroa, General of Brigade of the Mexican Republic, General Commander, Inspector and Superior Political Chief of the Territory of Alta California. Whereas, the citizen Joaquin Bernal, Mexican by birth, has solicited for his personal benefit and that of his family, the land known by the name of Santa Teresa, bounded by the ranchos of the Laguna Seca and Narvaez, the Coyote Creek, and the hills of Las Lagrimas and San Juan, having previously taken the proper steps, according to what is prescribed by the laws and regulations. Using the faculties which are conferred upon me, and in conformity with the decree of the most excellent Territorial Deputation of the eighth of the present month, approving the concession of said land of Santa Teresa, made by decree of the tenth of June last, passed to said citizen, Joaquin Bernal, with the exception of the land which is cultivated by the citizen Juan Alvirez; in the name of the Mexican Nation I have granted to him said land, declaring it to be his property by these presents, without prejudice to the common use in respect to pasture, wood, water, and timber of the inhabitants of the Pueblo de San José de Guadalupe, and subject to pay the taxes that will be imposed if it should result to belong to the common lands of said population, when its limits shall be established, and to the following conditions:

" 1. That he will submit himself to the conditions which are to be established in the regulations for the distribution of unoccupied lands, and in meantime neither the grantee nor his heirs can divide or alienate the premises granted to him, nor place upon the same any mortgage or other charge, even though such mortgage or charge be for pious purposes, nor shall he convey it in mortmain.

" 2. He can fence it without prejudicing the crossings, roads, servitudes. He will enjoy it freely and exclusively, destining it to the uses or cultivation that will best suit

him; but in the course of one year he shall build a house, and it shall be inhabited.

" 3. He shall solicit as soon as possible the proper Judge, to give him juridical possession, by virtue of this title, by which the boundaries shall be set out, in which boundaries he shall put landmarks, and some fruit or rustic trees of some utility.

" 4. The tract of land which is granted is of one square league, a little more or less, according to the sketch which goes with the *espediente.* The Judge who may give the possession will have it measured according to the ordinances, mark out the boundaries, leaving the surplus which should result to the nation for suitable uses.

" 5. If he should fail to perform these conditions, he shall lose his right to the land, and it shall be denounceable by others.

" In consequence, I order that these presents shall constitute his title, and shall be deemed good and sufficient; that record be taken in the corresponding book, and that it be delivered to the interested party for his security and other purposes.

" Given in Monterey, the eleventh of July, in the year one thousand eight hundred and thirty-four.

" JOSÉ FIGUEROA.

AUGUSTIN V. ZAMORANO, Secretary."

It was further admitted, that Josefa Sanchez de Bernal was the wife of Joaquin Bernal at the time the said grant was made, that the grant was regularly made, and had been confirmed upon the petition and by the decree hereafter in evidence.

Plaintiff then offered and read in evidence the petition of Augustin Bernal to the Board of Land Commissioners, praying for a confirmation of the grant made to Joaquin Bernal by the Mexican Government of the Rancho Santa Teresa, and the decree of the District Court of the United

States for the Northern District of California, dated August 11th, 1856, confirming the said claim, petition, and decree.

Plaintiff then called Ignacio Bernal, who testified : Joaquin Bernal at his death left surviving him his widow, Josefa Sanchez de Bernal, and children : 1st, Augustin ; 2d, Juan Pablo ; 3d, Bruno ; 4th, Jacoba ; 5th, Zacharias ; 6th, Petra ; 7th, Madelina ; 8th, Encarnacion ; 9th, Pilar ; 10th, Marcellina ; 11th, Dolores. Encarnacion, Jacoba, Marcellina, Dolores, and Bruno are all dead ; they were all married and left heirs.

The plaintiff offered and read in evidence a deed from Josefa Sanchez de Bernal to Nicolas Valencia, dated April 6th, 1853, duly executed, acknowledged, and recorded, purporting to convey a tract of eight hundred acres, including the premises in controversy, part of the " Rancho Santa Teresa."

The plaintiff then offered in evidence deeds showing a deraignment of title to the demanded premises from said Valencia to him. The plaintiff rested.

It was admitted that at the commencement of the suit the defendants held and hold title to an undivided interest in the Rancho Santa Teresa, including premises in controversy, under some of the heirs of Joaquin Bernal. They had not acquired any title derived from the widow Josefa Bernal.

The Court rendered judgment for the defendants, and the plaintiff appealed from the judgment and from an order denying a new trial.

The other facts are stated in the opinion of the Court.

*B. S. Brooks,* for Appellant.

*C. T. Ryland,* for Respondents.

By the Court, SANDERSON, J.:

The only question presented by the record in this case is whether, under the grant from the Mexican nation to Joaquin Bernal, the Rancho Santa Teresa became the separate property, or the common property of himself and his wife, Josefa Sanchez de Bernal.

On the part of the appellant a very able and learned argument has been presented in support of the latter view, and also in support of the point that we are not concluded upon the question by the previous decisions of this Court. The distinction attempted is, we think, a little too nice. Upon a careful review of the several cases in which the question has been considered, we are unable to say, with counsel for appellant, that this case is not within the rule there stated, nor that the question was not in those cases.

There is no distinction between this case and *Scott* v. *Ward*, on the ground that the grant to Alviso (which was before the Court in that case) was not a colonization grant, while the grant to Bernal is. While the record does not, as in the case of *Scott* v. *Ward*, contain the petition and reports of the Council of the Pueblo de San José Guadalupe and the Reverend Father, Minister of the Mission of Santa Clara, showing that the land for which Bernal petitioned was a part of the commons of the Pueblo of San José, the grant itself shows that it was, or that it was supposed that it might be, and that it was granted upon that theory. In his brief, counsel for the respondents asserts the fact that the land belonged to the pueblo, and that these missing documents show it to be so; and further states that they have not been brought up because counsel for the appellant never claimed that there was any distinction between the Alviso and Bernal grants until the case reached this Court. This statement is not denied, and while the uncontradicted statements of counsel cannot be taken as a part of the record, they may be referred to as tending to show that an inference drawn

from a record which does not profess to disclose all the facts is not unfounded.

But, independent of this, we are of the opinion that *Scott v. Ward* does determine that land granted under the colonization laws of Mexico to married men became their separate property, and not the common property of themselves and their wives. Whether the grant, then, before the Court was a colonization grant or not, it was so regarded by counsel and Court. It was the law of those grants which was debated by counsel and declared by the Court, and whether the correct result was reached or not, we do not feel at liberty to disturb it. Being of this opinion, a rediscussion of the question would be idle and out of place. The rule in *Scott v. Ward* has been repeated in *Noe* v. *Card*, 14 Cal. 576; *Fuller* v. *Ferguson*, 26 Cal. 546; and *Wilson* v. *Castro*, 31 Cal. 433, and must now be accepted as a finality.

Judgment and order affirmed.