[No. 11223. In Bank. — November 26, 1886.]

ROBERT R. HARRIS, APPELLANT, v. MELISSA A. HARRIS, RESPONDENT.

PUBLIC LAND — PRE-EMPTION INITIATED BEFORE MARRIAGE — SEPARATE AND COMMUNITY PROPERTY. — Where an unmarried woman, after acquiring an initiatory right to pre-empt certain public land of the United States, marries, and during her marriage pays the government price for the land and receives a patent therefor, the property so acquired becomes her separate estate. And this result follows whether the money paid to the government belonged to the community or was acquired by her in consideration of the sale of a portion of the land.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order refusing a new trial.

The action was brought for a divorce and division of land claimed to be community estate. The court granted the plaintiff the divorce, but refused relief as to the land, on the ground that it was the separate estate of the defendant. In 1865, the defendant, then a widow, was in the occupation of and resided upon the land. In that year she filed a declaratory statement in the proper United

States land-office, of her settlement upon and intention to pre-empt the land. On the 9th of August, 1868, while still residing upon the land, she intermarried with the plaintiff, and thereafter they both jointly occupied and farmed the premises, and erected improvements thereon. On the 8th of March, 1869, the defendant, in her then name of Melissa A. Harris, made final proof of her pre-emption claim, and on the payment of the government price therefor, she was allowed to enter the same in her own name, and a duplicate receipt was issued to her by that name. On the 15th of March, 1870, a patent was issued to her as Melissa A. Harris. The court found that the money paid to the government by the defendant was borrowed from one Cahill, upon her own faith and credit. The further facts are stated in the opinion of the court.

*W. C. Green,* and *J. B. Hall,* for Appellant.

*James A. Louttit,* for Respondent.

McKINSTRY, J.—In this action for divorce, the plaintiff claims a moiety of the land patented to the defendant, on the ground that the money paid for the government title belonged to the community.

1. Even if it appeared that the money was paid out of community funds, the land would be the separate property of the wife. With full knowledge and consent of the plaintiff, the land was proved up and paid for in her name, and the proof of her occupation and " declaration," or affidavit, was as necessary a pre-requisite to the acquisition of the government title as was the payment of the price. The patent is a record which proves the facts which preceded its issue, on proof of which the proper officers of the United States were authorized to issue it. For certain purposes, the possession of either spouse is the possession of both. But here the pre-emption declaration and exclusive occupation of the defendant pre-

ceded her marriage with the plaintiff, and constitute part of the acts which culminated in the certificate of purchase and patent. The plaintiff ought not to be permitted to ignore her declaration and possession (without proof of which she could not have received the benefits of pre-emption), and treat the acquisition of the government title simply as an ordinary purchase, made after marriage, with community funds. Under the pre-emption laws, a woman, after her marriage, may secure a pre-emption based on occupancy, the right to which is her separate property. That was done in this case, and the plaintiff, who seeks to benefit by the transaction, cannot say the pre-emption title was not acquired legally and regularly.

She then had a right to acquire the United States title. Can the husband say that he obtained an interest in the pre-emption claim prior to the certificate of purchase by reason of the payment, with his consent, of money of which he had the control? Such a claim would seem to be invalid, because the express or implied agreement that he should have such an interest would be in fraud of the United States statute. If she "directly or indirectly made any agreement or contract, in any way or manner, with any person whatsoever, by which the title she might acquire from the government of the United States should inure, in whole or in part, to the benefit of any person except herself," it was void. (Act of Congress of September 4, 1841, sec. 13.) It will not do to say that no contract was made; that the interest of the plaintiff as a member of the community arose out of the relation the parties occupied toward each other under the state law. If he has an interest in this land, it is not one created by the marriage, but by reason of the fact that community money was paid for it. This was done, as the case shows, with his express consent; and in any event, his consent would be implied. The attempt of plaintiff, therefore, is to enforce a claim growing out

of an agreement made before the certificate was issued. The court will not aid in the enforcement of such agreement because it is in violation of the spirit and letter of the pre-emption law.

2. But there was evidence that the money used to secure the government title was paid to the defendant by Cahill in consideration of a promise that she should convey to him forty acres so soon as she should obtain the United States title to a tract of 160 acres under the pre-emption laws. That contract was fully executed. When it was entered into, the possessory title to the 160-acre tract was in the defendant as her separate property. If the land had never been proved up and paid for, the possessory right would still be her separate property, as between herself and husband. It may be conceded that her mere possession, in connection with her pre-emption declaration, gave her no vested interest in the land which the United States was bound to recognize. But her possession commenced prior to the marriage; was as to all persons except the United States a separate property right. In her possessory title, the plaintiff had no part. The contract with Cahill was, that she should convey, when she should get the government title, a portion of the tract, the possessory title to the whole whereof was in her as her separate property. She had a standing on which, upon the payment of the money received from Cahill, she could acquire the true title. She, in accordance with her contract, perfected her title, as pre-emptor, by proceedings intiated by her "declaration" and sole possession, made and begun before her marriage. The plaintiff necessarily concedes the regularity and validity of those proceedings. The promise of defendant to Cahill could be performed only by and through a merger in the government title of her possessory title.

The transaction was not a loan from Cahill to the community. The defendant parted with a portion of the right annexed to her possessory title on which could

be secured the government title, — Cahill receiving the benefit of the possession *pro tanto*. The plaintiff had no interest in any part of the consideration which passed from the defendant to Cahill, either as a member of the community or otherwise. The money became her separate property when she received it, and continued such until she paid it to the United States.

Even if it should be conceded that the patent is absolutely void, the plaintiff could assert no claim here. It is only property " acquired " by either spouse after marriage which is community property.

Judgment and order affirmed.

MYRICK, J., THORNTON, J., SHARPSTEIN, J., and MORRISON, C. J. concurred.