[No. 13110. In Bank. — September 3, 1889.]

JOHN T. MORGAN ET AL., EXECUTORS, ETC., OF MARY J. LONES, DECEASED, RESPONDENTS, v. HENRY A. LONES, APPELLANT.

TOWN-SITE ACTS — INTEREST OF OCCUPANT — SEPARATE PROPERTY. — The occupant of lands for whose benefit the town-site acts were passed has an equitable interest in the lands. And if such occupant is an unmarried woman and marries, such interest is her separate property. And this is so, although the patent from the government to the municipal authorities has not issued. The property does not become community property from the fact that the husband advanced the funds necessary to get a conveyance from the municipal authorities.

APPEAL from a judgment of the Superior Court of Nevada County.

The facts are stated in the opinion.

*P. F. Simonds*, for Appellant.

The land in question was presumptively community property. (*Morgan* v. *Lones*, 78 Cal. 58; *Meyer* v. *Kinzer*, 12 Cal. 248; 73 Am. Dec. 538; *McComb* v. *Spangler*, 71 Cal. 426; *Schuyler* v. *Broughton*, 70 Cal. 282; *Moore* v. *Jones*, 63 Cal. 12; *Wedel* v. *Herman*, 59 Cal. 507; *Pancoast* v. *Pancoast*, 57 Cal. 320; *Kraemer* v. *Kraemer*, 52 Cal. 302; *Eslinger* v. *Eslinger*, 47 Cal. 62; *Labish* v. *Handy*, 77 Cal. 327.)

*Caldwell & Little*, for Respondents.

Mrs. Lones, prior to her marriage, had an equitable title in the land as her separate property, and the land remained her separate property after she had acquired the fee under the town-site act. (*Eversdon* v. *Mayhew*, 65 Cal. 163; *Jones* v. *Petaluma*, 38 Cal. 397; *Alemany* v. *Petaluma*, 38 Cal. 553.)

HAYNE, C.—This was an action to quiet title as to several lots in Nevada City. As to some of the lots the court gave judgment for the defendant, and to the other

lots the court gave judgment for the plaintiffs, from which judgment the present appeal is taken by the defendant. The evidence is not brought up. The defendant contends that upon the findings the judgment should have been for him.

The material facts shown by the findings are as follows: The plaintiffs' testatrix, one Mary J. Lones, was the wife of the defendant. Before her marriage she had a "possessory title" to and was in possession of the lots in controversy on this appeal. The land was then public land and the title was in the United States government. After the marriage, the tract covered by the town was conveyed by the government to the board of town trustees, "in trust for the several use and benefit of the occupants thereof." And subsequently thereto the husband made application that said lots be conveyed to the wife, which was done. The sum necessary to be paid to the municipal authorities was paid by the husband out of his separate property. The difference between this case and that made on the other appeal (78 Cal. 58) is, that here *the wife* was in possession under "possessory title" *before the marriage,* while there *the husband* entered into possession under deeds from prior occupants *after marriage.* Upon that state of facts it was held that under no view that could be suggested was the property the separate property of the wife. We think, however, that as to the lots involved in this appeal a different conclusion results. It is true, as argued for the defendant, that mere possession of public land gives no right as against the government. But the government has chosen to convey the land to trustees in trust for the occupants; and we think that the wife was one of the beneficiary class. She had therefore an equitable interest which was her separate property. This was held in the case of *Eversdon* v. *Mayhew,* 65 Cal. 163. The only difference between that case and this is, that there the patent to the municipal authorities had issued before

the marriage; here it was issued after the marriage. But we do not think that this alters the case. The question is, what was the class of persons whom the town-site act was intended to protect? The act itself (quoted on the former appeal) designates such class as consisting of those by whom said lands have been "settled upon and occupied." It must be taken from the findings that either the wife or those from whom she acquired her "possessory title" had settled upon and occupied said lands before her marriage. The circumstances, therefore, which entitled her to the bounty of the government had occurred before the marriage. And this being so, we think that the conveyance of the government title to the town authorities was for her benefit, and that the fact that she married before the patent to the board of trustees had issued is immaterial.

The wife being the owner of the equitable estate as her separate property, the husband could not turn it into community property by advancing from his own funds the sums necessary to obtain the legal title from the municipal authorities. (*Fuller* v. *Ferguson*, 26 Cal. 566; *Noe* v. *Card*, 14 Cal. 600.) If there is any expression in the former opinion in conflict with this proposition, it is inaccurate, and was not intended to assert the contrary of what is here stated.

The question as to whether the property is the separate property of the wife is the only one discussed by counsel.

We therefore advise that the judgment appealed from be affirmed.

FOOTE, C., and GIBSON, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.