## GUARANTY SAVINGS BANK *v.* BLADOW.

ERROR TO THE FOURTH JUDICIAL DISTRICT COURT FOR RICHLAND COUNTY, NORTH DAKOTA.

No. 134. Submitted January 31, 1900. — Decided February 26, 1900.

The power to review and set aside the action of local land officers exists in the general land department.

When an entry is cancelled, after due notice to the entryman, and after a hearing in the case, it is conclusive against him everywhere, upon all questions of fact; and it cannot be regarded as a mere nullity, when set up against his mortgagee, even though such mortgagee had no notice of the proceeding to cancel the certificate.

Such an entry does not transfer the title to the land, but simply furnishes *prima facie* evidence of an equitable claim for a patent, and the use of the certificate for that purpose is subject to be destroyed by its official cancellation.

THIS action was brought to foreclose a mortgage, owned by the plaintiff in error, upon certain land in North Dakota which the defendant in error claimed was his, and not subject to the lien of the mortgage. It was brought in the proper state

court, and the trial resulted in a judgment in favor of the defendant, declaring him to be the owner of the land; that the mortgage of the plaintiff in error was no lien upon it, and that it should be cancelled as an apparent cloud upon the title of the defendant.

The plaintiff appealed from this judgment to the Supreme Court of the State, where it was affirmed, 6 N. D. 108; 69 N. W. Rep. 41, and the case was brought here on writ of error.

The material facts are as follows: On January 6, 1881, one Anderson filed in the proper land office at Fargo, in the then Territory of Dakota, his homestead application to enter the land which is involved in this action. On July 20, 1881, he appeared before the register and receiver, and, under section 2301, Revised Statutes, commuting his homestead to a preëmption entry, made final proof of his claim, which was allowed and a final certificate issued, which was filed in the office of the register of deeds of the proper county on July 25, 1881. After the filing of proof, and on July 20, 1881, Anderson mortgaged the land to one H. E. Fletcher, who on June 20, 1882, assigned the mortgage to the plaintiff. Both the mortgagee and the assignee acted in good faith, and each instrument was executed for a valuable consideration.

On May 8, 1882, Anderson conveyed the land to one R. M. Ink, who on April 7, 1883, conveyed the same to one J. S. Ink, and on January 6, 1885, J. S. Ink conveyed the premises to the defendant.

All of the above were warranty deeds and duly recorded.

On March 14, 1882, after the final proof had been made by Anderson and passed upon by the register and receiver of the land office, and the record had been transmitted to the General Land Office at Washington, the Commissioner held the entry of Anderson upon said land, and directed the register and receiver of the local land office to hold the entry for cancellation, upon the ground that the testimony in the final proof made by Anderson for the land in question was evasive and failed to show six months' residence.

On January 22, 1886, the defendant filed in the land office at Fargo his application and affidavit to contest the entry of

Anderson upon the land on the ground that the proof furnished by Anderson upon that entry was false and that the entry was fraudulent, and in that affidavit he set forth that Anderson had never established his residence upon the land and. had never resided thereon and never made the same his home as provided by the homestead laws of the United States.

The Commissioner of the General Land Office thereupon ordered a hearing before the register and receiver at Fargo between the defendant and Anderson as to the truth of the allegations in defendant's affidavit and application for contest. Due notice of the hearing was given to Anderson by publication, in accordance with an order of the register, which was granted upon an affidavit that personal service could not be made upon him.

At such hearing the defendant appeared with his witnesses and gave evidence tending to establish the truth of the allegations in his affidavit of contest, but no appearance was made or testimony offered by Anderson, and after the hearing the evidence taken thereon was transmitted to the Commissioner of the General Land Office at Washington, who, on the 14th day of November, 1887, directed the entry of Anderson to be cancelled as a fraudulent entry, which the register and receiver of the land office at Fargo thereafter did, and the entry was duly cancelled of record as a fraudulent entry, and the defendant was notified thereof. From this decision Anderson took no appeal.

After the final decision of the Commissioner of the General Land Office upon the contest and after the cancellation of the entry of Anderson, the defendant made his homestead entry upon the land, and on the 26th of April, 1893, submitted his final proof therefor, which was passed upon by the register and receiver and placed of record on that date, and a final certificate in due form was then issued to him by the register and receiver, and thereafter, on July 6, 1893, the government issued to him a patent for the land, which was recorded on October 25, 1893.

No notice of the cancellation of the homestead entry and certificate of Anderson was ever given to H. E. Fletcher,

the mortgagee, or to the plaintiff herein, his assignee, and the cancellation was made without actual notice of the decision of the Commissioner of the General Land Office to either Fletcher or the plaintiff, and neither Fletcher nor the plaintiff was served with any notice of the contest of defendant involving the land, nor was either made a party defendant in that contest.

After the cancellation and on June 15, 1891, plaintiff filed in the United States land office at Fargo proof of its interest as assignee of the mortgage, and moved that a patent be issued under the provisions of section 7 of the act of March 3, 1891, c. 561, 26 Stat. 1095, 1098, which motion was denied by the Commissioner of the General Land Office on August 13, 1891, and on appeal, by the Secretary of the Interior on July 15, 1892.

The notes secured by the mortgage, not having been paid, this action was brought to foreclose the same, and the defendant set up as a defence the facts in relation to the entry of Anderson and its cancellation and the issuing of the patent to him as above set forth.

*Mr. S. B. Pinney, Mr. F. B. Morrill* and *Mr. Edward Engerud,* for plaintiff in error.

*Mr. W. H. Standish* and *Mr. W. E. Purcell* for defendant in error.

Mr. Justice Peckham, after stating the facts, delivered the opinion of the court.

When Anderson obtained the decision of the register and receiver upon his application for the land it was subject to the power of the land department to review the judgment of those officers, and, upon facts showing that the entry was fraudulent, the department had power to cancel it. This could be done upon the same evidence which was before the register and receiver, and at least, upon notice to the party entering the land. Although the power to review and to cancel is not arbitrary or unlimited, and does not prevent

judicial inquiry in regard to its exercise, in some appropriate form, yet it is unquestionable that the power of reviewing and setting aside the action of the local land officers does exist in the general land department. *Orchard* v. *Alexander*, 157 U. S. 372, where many of the cases upon the subject are gathered in the opinion of the court.

In this case the Commissioner of the General Land Office at Washington held the entry of Anderson upon the land, and directed the register and receiver of the local office to hold such entry for cancellation, upon the ground that the testimony in the final proof was evasive and failed to show six months' residence. Subsequently, and upon sufficient notice to him, the defendant contested the entry of Anderson as fraudulent, on the ground that the proof furnished by him to procure it was false; that Anderson had never established his residence upon the land, and never had, in fact, resided thereon, and had never made the same his home, as provided by the laws of the United States.

A hearing was had before the register and receiver at Fargo, due notice whereof was given to Anderson, who did not appear, and the evidence taken upon the hearing was transmitted to the Commissioner at Washington, who, on November 14, 1887, directed that the entry of Anderson upon the lands should be cancelled, and thereafter in the due and usual course of business the register and receiver of the local office at Fargo did cancel that entry of record.

If this were all no question could be raised in regard to the regularity and sufficiency of the proceedings which ended in the cancellation of Anderson's entry.

The difficulty, however, arises from the fact that before the entry was cancelled, and on July 20, 1881, Anderson mortgaged his interest in the land to Fletcher, the mortgagee, who subsequently, as stated, assigned the mortgage to the plaintiff in error. Through various mesne conveyances, the defendant on the 6th of January, 1885, became the owner of whatever interest Anderson had in the land by virtue of his above mentioned entry. Thereafter the defendant filed his papers for a contest as to the validity of the entry of Anderson, and although

Anderson was duly notified of the proceedings, neither Fletcher nor his assignee, the plaintiff in error, had any notice of the same. The plaintiff, therefore, contends that the whole proceeding in the General Land Office, including the hearing on the contest before the register and receiver at Fargo, was, so far as it was concerned, an absolute nullity, and the cancellation of Anderson's entry had in law no effect upon its claim to use the certificate as evidence of Anderson's right to a patent. In our opinion this contention is not well founded.

The favorable decision of the register and receiver of the local land office upon the claim of Anderson was, under the statute, reviewable by the officers of the General Land Office, and the officer of that department who directed the cancellation of the entry had by law jurisdiction to make that direction. The certificate was *prima facie* evidence of the right of the entryman to a patent, but the power rested with the land department, upon proper notice, to set it aside and cancel the entry, and thus take away from him that *prima facie* evidence. *United States* v. *Steenerson*, 4 U. S. App. 332; *American Mortgage Company* v. *Hopper*, 56 Fed. Rep. 67; *S. C.* on appeal, 29 U. S. App. 12. If the entry were cancelled arbitrarily, and without evidence or notice to him, it would not conclude him, and he would, notwithstanding the decision, have the right to show that his entry was valid, and that he was entitled to a patent. And when the entry has been cancelled upon due notice to the entryman and after a hearing in the case, so that the cancellation is conclusive against him everywhere upon all questions of fact, it cannot be regarded as a mere nullity, when set up against the mortgagee of the fraudulent entryman, even though such mortgagee had no notice of the proceeding to cancel the certificate. The cancellation of the entry being valid as against Anderson, it left him without the right to avail himself of it in any future claim he might make for a patent, and it left his mortgagee also without the right to use that entry as *prima facie* evidence of Anderson's claim. The mortgagee, as was remarked by the court below, had no vested right to use the certificate as *prima facie* evidence of the right of the entryman to a patent, and after

its cancellation the plaintiff in error could not so use it, because it had been validly extinguished and cancelled in a proceeding against the mortgagor, although the mortgagee had no notice of such proceeding.

This result follows by reason of the character of the entry, and of the certificate given thereon. It does not transfer the title to the land from the United States to the entryman, and it simply furnishes *prima facie* evidence of an equitable claim upon the Government for a patent, and the use of the certificate for that purpose is subject to be destroyed by the cancellation thereof under direction of the department. This is the legal effect of such certificates, and all who deal in them or found any right upon them must be held to do so with full knowledge of the character of such papers.

But the cancellation, although conclusive as to the entryman, upon all questions of fact, if made after notice to him, would not be conclusive upon the mortgagee, if made without notice to such mortgagee and with no opportunity on its part to be heard. That is, it would not prevent the mortgagee, before the issuing of a patent, from taking proceedings in the land department, and therein showing the validity of the entry, or from proceeding before a judicial tribunal, against the patentee, if a patent had already issued, and therein showing the validity of the entry; such proof in each case would, however, have to be made by evidence other than the certificate which had been cancelled. Had the mortgagee taken either of these courses, it might have demanded in the one case, upon proving the validity of the entry, that a patent should be issued to the mortgagor or his grantees, leaving the land subject to the lien of the mortgage, or if a patent had been issued, the mortgagee might then have demanded relief against the patentee upon proof of the validity of the entry, in a proceeding in court to hold him as trustee. Although the mortgagee might have taken either of the courses above suggested, (and perhaps others,) it took neither of them. It relied on the absolute nullity of the cancellation and proceeded to foreclose the mortgage as if the certificate still subsisted and was evidence of the validity of the entry. This was a conclusion not well founded.

If the plaintiff in error, even in this foreclosure suit, had alleged that the entry had been cancelled and that a patent for the land had been thereafter issued to the defendant, and had asked that the patent so issued to him should be held by him in trust and as security for the payment of the plaintiff's mortgage on the ground that the entry had been improperly cancelled as to it, and had proved on the trial that Anderson's entry was legal, it may be that it would have been entitled to a judgment decreeing the defendant a trustee of the title under his patent from the government and providing for the sale of the land in order to pay the mortgage, or some other appropriate relief might have been granted. But this was not done, and the case must be decided upon the record before us.

It is erroneous to state, however, that plaintiff in error has admitted the entry was fraudulent. The facts are that in the statement agreed upon by the parties it was admitted that in the contest and upon the evidence therein submitted the register and receiver of the local land office decided as a conclusion of fact that Anderson's entry was fraudulent. This is plainly no admission of the fact itself, and in no way is the plaintiff in error thereby precluded from showing that the entry was valid.

It is further contended that the defendant could not himself take the title of Anderson and then contest before the land department the validity of Anderson's entry, nor could he, having succeeded in obtaining the cancellation of such entry, himself take proceedings under the preëmption or homestead act to obtain the same land. Having procured the title of Anderson and then instituted the contest in the land department, notice of which was given solely to Anderson, it is contended that Anderson had no longer any interest in defending his entry, and that the defendant occupied the position of being the only party to both sides of the contest, and could not therefore be permitted, after securing the cancellation, to himself make an entry and obtain a patent for the land; that by reason of these facts the cancellation was as to the mortgagee an absolute nullity, and the mortgagee could maintain its action to foreclose and sell the land under its

judgment of foreclosure the same as if no cancellation had taken place.

But it must be remembered that Anderson was a grantor of the land upon a warranty of title, and it is not clear he had no interest in supporting his right of entry as valid and sufficient. Ink had himself conveyed with warranty. Whether the defendant could avail himself of the warranty under the facts regarding his own action in being a mover in the proceeding to cancel the entry, might be doubtful; but, at any rate, there was a question which might cause Anderson to endeavor to uphold his entry. It will be remembered, too, that nearly three years prior to the conveyance to the defendant the Commissioner had held Anderson's entry for cancellation on account of fraud. The defendant thus stood in danger of a cancellation of that entry without notice to him, and, if an entry were then made by some one else, the defendant would be without right to thereafter make an entry for himself. Could he not anticipate that danger, and himself commence the contest?

As a mere grantee by deed, which conveyed the interest of Anderson, the defendant did not take title under him, within the meaning of the rule, which prevents one who takes title under another from questioning that other's title; like a tenant taking under his landlord. A simple grantee in a deed can set up another title in a third party, and can himself claim title under such party and can deny the title of his grantor. He takes no title under the grantor, and is at full liberty to deny the title of the latter.

When the defendant, therefore, took his conveyance from Ink, it may be assumed that he took all the title which came through Ink from Anderson, but he was under no obligation to Anderson or to his mortgagees to admit the validity of Anderson's entry, and had the right to deny its validity and to make a contest before the land department. The only objection to be urged against his proceeding is that he gave no notice of the contest to the mortgagee. But it was not the duty of the defendant to direct who should have notice in such contest, for that was a matter for the officials of the

department, before whom the contest was inaugurated, to decide. It was for them to determine who, if any one, should be notified of the contest, and the duty was not imposed upon the defendant. Of course, he could give notice if he chose. If he did not, the person who had any rights, if not notified at all, either by him or by the department, could not be concluded by the decision of the contest, and we hold now that the mortgagee was not thereby concluded, and had the right, if possible, to subsequently show that Anderson's entry was valid. But the cancellation of the entry and certificate was not rendered a nullity because the mortgagee had no notice.

The character of the proceeding before the department must be kept in mind. It is not like a proceeding in court. It is administrative in its nature, and when the proceedings are conducted in accordance with the provisions of law creating the department and giving it jurisdiction, they may be upheld, and the decisions of the officers supported when not made arbitrarily and without evidence.

If the defendant in inaugurating his contest were guilty of any fraud, by means of which notice to the mortgagee was omitted, or Anderson induced not to defend his entry, and the defendant was thus enabled to procure a decision as to the fraudulent character of that entry, it might perhaps be that in such case the mortagee would have the right to make use of the original entry as still *prima facie* evidence of Anderson's right to a patent, the same as if the certificate had not been cancelled. But there is no allegation of those facts in the bill nor is there any proof in this record which would sustain them if they had been alleged. The action is not brought for that purpose nor upon any such theory. Unless the facts that the defendant had taken this conveyance of Anderson's interest, and had subsequently commenced the proceedings for a contest in regard to the entry of the latter, of which the mortgagee had no notice, amount in law to a fraud by the defendant upon such mortgagee, which nullifies those proceedings and leaves the entry the same as if it had not in fact been cancelled, then the cancellation made after notice to Anderson was valid, and it deprived the

mortgagee of the use of the certificate as evidence of Anderson's right to the patent, while not in any way interfering with the mortgagee's right to prove it by other evidence. In our opinion the facts stated do not prove fraud, as a legal conclusion, on the part of the defendant, who had the right to take the proceedings he did.

Plaintiff in error also contends that the motion made by it on June 15, 1891, for the issuing of a patent to it, as a *bona fide* incumbrancer of the land, under the provisions of section 7 of the act of March 3, 1891, entitled "An act for the repeal of the timber culture law, and for other purposes," 26 Stat. 1095, 1098, should have been granted.

It will be seen that at the date of the passage of this act the entry of Anderson no longer existed, because on November 14, 1887, it had been cancelled. The case of *Parsons v. Venzke*, 164 U. S. 89, decides that the act of 1891 applies only to entries existing at the time of its passage. The claim of the plaintiff in error that the cancellation was wholly void for all purposes cannot, as we have seen, be supported.

Our conclusion upon the whole case is that the cancellation of the entry was valid as regards Anderson, and that the effect of such cancellation was to prevent the plaintiff in error from using the entry as *prima facie* evidence of the right of Anderson to a patent, and under the pleadings the plaintiff in error had no right to a judgment of foreclosure. As the case was not brought or tried on the theory that the defendant had only the legal title to the land under his patent, and that such patent should be decreed to be held by him in trust for the plaintiff to the extent of its mortgage because the entry of Anderson was in fact valid and proper, the plaintiff in error ought not to be obstructed in the pursuit of any remedy which it may be advised it is proper to take, by the use of the judgment herein as a conclusive adjudication against it.

*We, therefore, think it proper to modify the judgment by striking out that portion which cancels the mortgage, and as modified, affirming the same without prejudice to the right of the mortgagee to seek such other relief as it may be advised, notwithstanding the adjudication of this judgment, and it is so ordered.*