[No. 7604.   Decided February 2, 1909.]

HANNAH E. DELACEY, *Appellant*, v. COMMERCIAL TRUST COMPANY *et al., Respondents.*[1]

PUBLIC LANDS—SETTLEMENT—RIGHTS CONFERRED—HUSBAND 'AND WIFE. Settlement on government land by husband and wife confers no community interest.

SAME—ADVERSE POSSESSION—LIMITATIONS. An entryman on public lands cannot, pending a contest, set the statute of limitations in motion by claiming adverse possession.

SAME—CONTESTS—JUDGMENT—PARTIES CONCLUDED—WIFE OF ENTRYMAN. The wife of an entryman, who makes settlement on public land with him, is in privity with her husband as to a contest waged by him before the land department for the issuance of a patent; and upon the deciding of the contest against the entryman and his abandonment of the property, the wife, continuing to hold possession, does not hold under color of title or claim of right.

EJECTMENT—PARTIES. Where a contest in the land department has been decided adversely to an entryman in possession, his wife is not a necessary party defendant to an action of ejectment.

JUDGMENT—PARTIES CONCLUDED—HUSBAND AND WIFE. Where a contest in the land department has been decided adversely to an entryman in possession, his wife and members of his family claiming through or under him are concluded by the decision of the department.

EJECTMENT—TITLE. The plaintiff in ejectment must recover upon the strength of her own title rather than on the weakness of the defendants'.

Appeal from a judgment of the superior court for Pierce county, Reid, J., entered May 28, 1908, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, dismissing an action to quiet title and recover possession of land. Affirmed.

*Garretson & Early, A. H. Garretson,* and *Chas. E. George,* for appellant.

*Fogg & Fogg (B. S. Grosscup,* of counsel), for respondents.

[1]Reported in 99 Pac. 574.

CHADWICK, J.—In April, 1886, James Delacey, husband of the plaintiff, made settlement with his family upon one hundred and sixty acres of land, lying within the corporate limits of the city of Tacoma, in Pierce county, intending to claim it under the homestead laws of the United States. The land was within the limits of the original grant in aid of the Northern Pacific Railroad Company, by Congress, under the act of July 2, 1864, and the acts and resolutions supplemental thereto and amendatory thereof. The company filed its maps of definite location May 14, 1874, and March 26, 1884, so that, at the time of the Delacey settlement, the land was not subject to private entry. It was so held in the several departments, and by the secretary of the interior, by whom the contest was finally decided November 28, 1891. *Northern Pac. R. Co. v. Flett,* 13 Land Dec. 617.

Patent was issued to the Northern Pacific Railroad Company, and filed for record in Pierce county, Washington, on January 18, 1893. In April of that year, the railroad company brought an action of ejectment against James Delacey, as sole defendant, in the United States circuit court for the district of Washington, in which judgment of ouster was obtained. This case was appealed to the supreme court of the United States. The decision of the lower court was affirmed May 22, 1899. *Northern Pac. R. Co. v. De Lacey,* 174 U. S. 622, 19 Sup. Ct. 791, 43 L. Ed. 1111. Pending the appeal to the supreme court of the United States, the Northern Pacific Railway Company succeeded to the rights of the original plaintiff in the ejectment case, and was substituted as the plaintiff therein.

Upon remand, final judgment was entered in the United States circuit court, sitting at Tacoma. Prior to the entry of the judgment, there was filed in said court a motion, in the name of James Delacey, defendant, supported by the affidavit of plaintiff, in which the statute of limitations, the community interest of plaintiff, and the fact that she had not been made a party to the action of ejectment, were urged as

reasons why the court should limit and confine its order of removal to defendant James Delacey. This motion was overruled and the judgment became *res adjudicata* as to all the rights of the parties to the ejectment suit.

In the fall of 1894, James Delacey abandoned the land and his family. His whereabouts, if alive, is now unknown. On March 22, 1900, plaintiff was ejected from the land under a writ of restitution issued out of the United States circuit court. In the year 1907, plaintiff was awarded a decree of divorce from her husband, and by a later modified decree it was adjudged that the property herein involved was community property, and the whole thereof was set apart to her sole and separate use. She has also acquired by deed the interest, if any, of all her children, the issue of her marriage with James Delacey. During the time the Delaceys lived on the land, from 1886 until March, 1900, valuable improvements were made. On the 7th day of November, 1905, the Northern Pacific Railway Company conveyed the lands in controversy to defendant the Commercial Trust Company. This action was brought by plaintiff to recover possession and quiet her title to the land. From a decree in favor of defendants, plaintiff has appealed.

It will be seen that appellant relies upon the assertion of a community interest in the land, and upon the statute of limitations. She claims that she "entered into the possession of the land as the owner thereof under a claim of right and in good faith, and has continued to occupy the same as the owner thereof by actual, uninterrupted, and notorious possession, under a claim of right, from April, 1886, to the latter part of March, 1900." The fact that James Delacey acquired no interest in the land, community or otherwise, is an adjudged fact, from which the conclusion must inevitably flow that the appellant could acquire no greater right than her spouse. The community is an entity; the rights of the wife cannot be disassociated from those of her husband; the right of each is dependent upon the other, and unless it exist

in the one it cannot exist in the other. It may be laid down as a fixed rule that no community interest results to the spouses by reason of settlement on government land. The entryman takes title upon such conditions and under such terms as the Congress may prescribe. The government may designate the object of its bounty, or its preferred vendee, and fix the terms of its indulgence. Under existing laws, there is no limitation upon its power to give or take away up to the time patent issues. Mere settlement creates no rights in the entryman other than those given by statute or recognized by rule of the department. Nor can he put the statute of limitations in motion against the government, either in his own behalf or in behalf of those whose occupancy on the land is dependent upon his entry. Therefore one contesting for government land cannot gain the advantage of the statute over his adversary while the contest or litigation in aid of his title is pending. *Port Townsend v. Lewis,* 34 Wash. 413, 75 Pac. 982; *Blake v. Shriver,* 27 Wash. 593, 68 Pac. 330; *Hesser v. Siepmann,* 35 Wash. 14, 76 Pac. 295.

The homestead law was passed without reference to our local laws of property. *McCune v. Essig,* 199 U. S. 382, 26 Sup. Ct. 78, 50 L. Ed. 237; *Hall v. Hall,* 41 Wash. 186, 83 Pac. 108, 111 Am. St. 1016; *Cunningham v. Krutz,* 41 Wash. 190, 83 Pac. 109, 7 L. R. A. (N.S.) 967; *Towner v. Rodegeb,* 33 Wash. 153, 74 Pac. 50, 99 Am. St. 936. It is only when title is vested that the land becomes subject to the law of the state. It may then with propriety control its conveyance, provide for its taxation, and fix rules of descent. Appellant, therefore, did not, and could not, acquire any right by reason of her community relationship or as an individual prior to the final determination of the contest between her husband and the railway company. She held in privity with him. James Delacey did not enter adversely to the respondents' grantor, but as a homesteader, willing to try out his claim with the Northern Pacific Railroad Company under the rules

governing contests between conflicting claimants for the public land. Appellant is in no better position than he would have been had he remained on the land, for it is because of his entry and attempted filing that she became an occupant, and not because of the present assertion of an independent adverse claim under a claim of right. Appellant, though her possession was in a general sense adverse, did not, under the well-established rule in this state, hold under a claim of right or with color of title. It is not mere undisturbed, exclusive possession of property that makes title, but a hostile adverse possession under a claim of right or color of title, as the case may be. The foundation of the title, the time of its inception, must be marked with these essential elements. One essential will not follow another or be created by the mere lapse of time. All must concur from the beginning until the end of the period fixed by the statute. Otherwise no right to assert the statute accrues. *Port Townsend v. Lewis, supra.* Our holding is, that appellant has no community interest in the land; that neither she nor James Delacey had any interest whatever subject to the jurisdiction of the superior court of Pierce county in the divorce proceeding; that the deed from her children was of no effect; and that the running of the statute could not by any possible process of reasoning antedate the termination of the contest in the U. S. land departments, thus disposing of her claim under the ten-year statute of limitations.

Neither was appellant a necessary party to the ejectment suit. The successful contestant in the land department may invoke either the equity or the law side of the courts in aid of his title, and in so doing he is not bound to look for parties other than his adversary, for no interest could attach pending contest in the land department. But if the rule were otherwise as to third persons domiciled on the land, it is certain that the family of James Delacey, and all persons who could not assert a title or right independent of him, were bound by the judgment in the action of ejectment and subject to the

writ without being named therein. There being no independent or community interest in the appellant, the general rule in such cases applies. It is stated by Mr. Freeman as follows:

"The defendant and all the members of his family, together with his servants, employees, and his tenants at will or sufferance, may be removed from the premises in executing a writ of possession. . . . All persons entering upon the possession of the property *pendente lite* are presumed to have entered under the defendant; and *prima facie,* are liable to be turned out by the writ. It is obvious that the temptation to render the plaintiff's action fruitless by turning over the possession to one not a party to the suit is very great. All courts will exercise great caution in considering the right of a person to retain possession after the judgment, when it is clear that he entered *pendente lite.* His right will always be denied, unless it is clear that he did not enter under the defendant, nor by any collusion with him." Freeman, Executions (3d ed.), § 475.

See, also, *Saunders v. Webber,* 39 Cal. 287; 1 Herman, Estoppel, 204; *Lichty v. Lewis,* 63 Fed. 535; *Id.,* 77 Fed. 111.

This disposition of the case makes it unnecessary to discuss the remaining assignments of error, all of which go to the strength of respondents' title. It would be idle to consume space in the citation of authority to support the proposition that appellant must recover, if at all, upon the strength of her own title rather than upon the weakness of the title of the respondents.

The judgment of the lower court is affirmed.

RUDKIN, C. J., FULLERTON, CROW, and MOUNT, JJ, concur.

DUNBAR and GOSE, JJ., took no part.