Baker v. Saxon, 24 N. M. 531.

---

[No. 2189, Aug. 27, 1918.]
BAKER v. SAXON.

### SYLLABUS BY THE COURT.

Title to public lands, acquired by patent by a divorced husband, does not relate back to its initiation by entry and settlement, and consequently does not constitute community property.

Appeal from District Court, Union Coutny; Leib, Judge.

Action by Sylvia Baker against Ed. F. Saxon. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

C. H. ALLDREDGE and E. F. SAXON, both of Tucumcari, for appellant.

Homestead was separate estate. Sec. 2766, Code 1915; McKay, Community Prop., Sec. 30; Cunningham v. Krutz, 83 Pac. 190; 199 Fed. 588; McKay on Comm. Prop., C. 2; Teynor v. Heible, 46 L. R. A. 1033; Rogers v. Minn. T. Co., 95 Pac. 1014.

O. P. EASTERWOOD, of Clayton, for appellee.

The land was community property; that title relates back to the time of entry and upon dissolution of marital relation spouses continue to hold as tenants in common. Forker v. Henry, 57 Pac. 811; Creamer v. Briscow, 17 L. R. A. (N. S.), 154; Buchser v. Buchser, 231 U. S. 157; Cunningham v. Kuntz, note, 7 L. R. A. (N. S.) 967; Krieg v. Lewis, 26 L. R. A. (N. S.) 1117.

OPINION OF THE COURT.

MECHEM, District Judge. This case was tried on plaintiff's complaint and defendant's demurrer to it. Plaintiff, Sylvia Baker, alleges that on the 18th day of April, 1906, she was married to one George Wilson Baker; that while so married, some time in 1907, her husband made a homestead entry of the lands the subject of this suit, situated in Union county, N. M.; that she lived with her husband on said land until the month of September, 1911, when plaintiff's husband abandoned her and forced her to leave their homestead and go to her relatives in Oklahoma for support of herself and her minor children; that on June 14, 1914, plaintiff was divorced from her husband and was awarded the custody of their children; that in the divorce decree the property rights of herself and husband were not adjudicated; that on or about April 7, 1915, her husband, George Wilson Baker, made final proof on their homestead; that about the month of August, 1915, he attempted to sell said homestead to the defendant, Saxon, by a warranty

deed; that she is informed that Saxon makes some claims · adverse to the estate of plaintiff in and to said real estate; and she prays the cancellation of defendant's deed, that his claims adverse to her be barred, and that her title be forever quieted and set at rest. The defendant demurred for the reason that the complaint failed to state facts sufficient to constitute a cause of action, because it is shown from the complaint that title to the land did not pass from the United States until after the decree of divorce and was not community property. The trial judge overruled the demurrer; the defendant excepted and appeals.

Final proof was made and patent granted George Wilson Baker after his divorce from plaintiff. At that time there was no community between them for the title to fall into; but the plaintiff relies upon the doctrine of relation. She says that the title was initiated and partly matured during the existence of the community, and George Wilson Baker, in making final proof, perfected that title which must be held to fall into the community estate. The point made is disposed of in McCune v. Essig, 199 U. S. 382, 26 Sup. Ct. 78, 50 L. Ed. 237, from which we quote the following:

"Against the effect of the patent conveying title to Mrs. Donahue, appellant invokes the doctrine of relation. It is admitted 'that the title to the real estate in the case at bar passed and vested according to the laws of the United States by patent.' But it is contended that, a beneficial interest having been created by the state law in McCune when the title passed out of the United States by the patent, it "instantly dropped back in time to the inception or initiation of the equitable right of William McCune, and that the laws of the state intercepted and prevented the widow from having a complete title without first complying with the probate laws of the state.' This, however, is but another way of asserting the law of the state against the law of the United States, and imposing a limitation upon the title of the widow which section 2291 of the Revised Statutes does not impose."

If the doctrine of relation has no application here, the result is that George Wilson Baker got his title as

of the date of final proof, at which time he was, as far as the record shows, a single person, at least at a time subsequent to the termination of the community between him and plaintiff. Therefore there was no community which, when the title passed, it could fall into, and, this being so, the court erred in its ruling, and its order overruling defendant's demurrer must be reversed.

Cause reversed and remanded.

PARKER and ROBERTS, J.J., concur.