[Civ. No. 4041.   Fourth Dist.   May 26, 1950.]

GARNETT CLARE ELLIS, Appellant, v. ARTHUR LEE ELLIS, Respondent.

Dorris, Fleharty & Phillips for Appellant.

Dorsey, Campbell & Bultman for Respondent.

GRIFFIN, Acting P. J.—Plaintiff brought this action for divorce on the ground of extreme cruelty. She alleged that she and defendant were married in 1926; separated on February 5, 1948; that they had one child 12 years of age; and that they acquired certain community property consisting of homestead land in the process of being patented, valued in excess of $10,000, a dwelling house in Taft, plus furnishings valued at $4,000, and two old automobiles valued at $850. A divorce, maintenance for the support of the child, and equitable division of the community property was sought.

Defendant answered, admitted the Taft property and automobiles to be community property and of the value alleged, and also alleged that there were certain improvements and equipment on the homestead property valued at $2,500, which were community property. He denied specifically that the land being homesteaded was community property. By way of

[1] Advance Report Citation: 34 A.C. 941 at pp. 943-4.

cross-complaint he sought a divorce and alleged that plaintiff owned 13 acres in Kern County which was her separate property, but that it had been improved by the use of community funds such as by building a small house thereon, putting in a well and building other small buildings. He alleged that the homestead property would not be proved up until the latter part of 1948, and that its worth was about $1,400. He asked for equitable distribution of the community property.

After trial, the court gave plaintiff the divorce, custody of the child, $40 per month maintenance for him, and found that since the marriage of the parties they acquired community property consisting of the Taft house and furnishings, and awarded the property to plaintiff. The household furniture, machinery and equipment located on the homestead was awarded to defendant. It found that the property described was the only community property of the parties and then specifically found that the homestead property, together with the improvements thereon, was defendant's separate property and that plaintiff had no community interest therein. Judgment was entered accordingly. Plaintiff now appeals from that portion of the judgment in which it is decreed that the homestead property was the separate property of defendant and that plaintiff had no community interest in it.

The facts, in this respect, are that plaintiff and defendant lived upon the property inherited by plaintiff for some years, improved it and ran some cattle on it in connection with an adjoining lease. In 1945, they bought a small house located on rented land in Taft and furnished it. Defendant was then working for wages. This was their entire income plus some revenue from the rental of plaintiff's ranch property, and such sums as she made while employed as a waitress. In 1945, defendant filed an application with the federal government for a homestead upon 280 acres. It was barren land. On August 4, 1945, they moved an old house from plaintiff's ranch onto the property, in which they lived. They later drilled a well and subsequently built another small house thereon, improved the property wtih some growing crops and stocked it with a few cattle taken from the herd on plaintiff's ranch, which cattle were subsequently sold to pay for the well drilling. The parties lived together on the ranch until their separation which, as the court found, occurred on February 5, 1948. During the previous five months plaintiff remained away from the home except on week ends for the purpose of

school convenience for the child. Plaintiff furnished some evidence that the value of the homestead was $11,250.

Defendant testified that the three-year period of residence required to complete his homestead right would not mature until August 4, 1948, and that final proof must be made before August 4, 1950.

Respondent and appellant agree in their briefs that the question now before this court is whether the trial court erred in finding that the homestead land with the improvements thereon was the sole and separate property of the defendant, i.e., where, during marriage, a husband files application for a homestead under the Federal Homestead Act, and the husband and wife go upon the land, reside thereon, make improvements to it, and the husband and wife separate before the statutory residence time has expired to perfect the homestead and the wife is granted an interlocutory decree of divorce prior to the making of final proof or issuance of a patent by the federal government, is the right of the husband in and to the homestead land his separate property or may it be found to be community property and subject to distribution as community property under an interlocutory decree of divorce?

Apparently, the trial court based its finding, in this respect, on its belief that under the law, from the facts stated, the homestead property was not then subject to distribution as community property and that it had no jurisdiction to award any portion of it to plaintiff. Counsel for defendant claims that the question was decided in *Minium* v. *Minium*, 53 Cal. App. 55 [199 P. 1104]. In that case, however, the homestead entry was not made by the husband until after he and his wife were separated. Counsel for appellant there contended that since the entry was made during the existence of the marriage, although the title was not perfected until after its dissolution, the perfected title, when issued, related back to its inception, and therefore the property was regarded as having been acquired during coverture and was community property. In affirming the judgment the appellate court (hearing denied by the Supreme Court) held that this position was not maintainable in this state for the reason that the grant of the homestead by the United States to the defendant was a gift or donation, and therefore it became his separate property under Civil Code, sections 162-164, and said: ''In the federal cases it seems to be assumed that the homestead is a gift from the government.'' (Citing cases, including *Noe* v. *Card*, 14

Cal. 576, 577.) It was there pointed out that the rule in Texas (citing *Yates* v. *Houston*, 3 Tex. 433, and other such cases) supports a contrary position, i.e., that property thus acquired is community property, and held that this state specifically disapproves that rule.

In the cases of *Kromer* v. *Friday*, 10 Wash. 621 [39 P. 229, 32 L.R.A. 671], and *Ahern* v. *Ahern*, 31 Wash. 334 [71 P. 1023, 96 Am.St.Rep. 912], it was held that where the entryman is a married man at the time of filing his application for a homestead, and he and his wife reside on the property and do the work necessary to acquire title thereto, such homestead, when patent is issued, is community property; and that for the purpose of fixing the relative rights of an entryman and his wife it is regarded as having been acquired by *purchase*. The Ahern case was directly overruled in *Teynor* v. *Heible*, 74 Wash. 222 [133 P. 1, 46 L.R.A.N.S. 1033].

In *Buchser* v. *Morss*, 202 F. 854 [121 C.C.A. 212], one of the latest cases arising from the state of Washington, it was held that where the entry was made when the marital relationship did not exist and such condition continued until final proof was made, it then should be held to be the separate property of the spouse who finally acquires the patent to the land. (See, also, *Fuller* v. *Ferguson*, 26 Cal. 546; *Wilson* v. *Castro*, 31 Cal. 420, 421; *Hood* v. *Hamilton*, 33 Cal. 698; *Estate of Lamb*, 95 Cal. 397 [30 P. 568]; *Estate of Boody*, 119 Cal. 402 [51 P. 634]; *Harris* v. *Harris*, 71 Cal. 314 [12 P. 274]; *Morgan* v. *Lones*, 80 Cal. 317 [22 P. 253]; *Wadkins* v. *Producers' Oil Co.*, 130 La. 308 [57 So. 937], 227 U.S. 368 [33 S.Ct. 380, 57 L.Ed. 551].)

In *Estate of Boody, supra,* where the property was "settled upon" prior to the marriage but the patent was not granted until after the marriage, it was held that the property was the separate property of the husband.

In *Wadkins* v. *Producers' Oil Co., supra,* the entry to the land was made after marriage and before patent issued the wife died. It was held that such property was not community property.

In *McCune* v. *Essig*, 199 U.S. 382 [26 S.Ct. 78, 50 L.Ed. 237], the court, in effect, held that the rights and interests of the spouses in land acquired from the United States by patent are governed by federal law until the title thereto is completed by the issuance of a patent and thereafter the state laws control the determination of whether the land is separate

or community property. (See, also, *Buchser* v. *Buchser*, 231 U.S. 157, 158 [34 S.Ct. 46, 58 L.Ed. 166]; *Hutchinson Inv. Co.* v. *Caldwell*, 152 U.S. 65 [14 S.Ct. 504, 38 L.Ed. 356]; 11 Am.Jur. (Community Property) p. 192, § 29; *Delacey* v. *Commercial Trust Co.*, 51 Wash. 542 [99 P. 574, 130 Am.St. Rep. 1112]; *Bernier* v. *Bernier*, 147 U.S. 242 [13 S.Ct. 244, 37 L.Ed. 152].)

Under the authorities collected in 3 California Jurisprudence 10-Year Supplement, page 512, section 32, and McKinney's New California Digest, volume 12 (Husband and Wife), page 406, section 64, this general rule is applicable in California. However, exception to this rule is claimed in the case of *Bastjan* v. *Bastjan*, 215 Cal. 662 [12 P.2d 627], involving a desert claim. In that case, however, the *patent* had been *issued prior* to the *separation and divorce*, and our Supreme Court held that since the property had been purchased with community funds it was community property. The decision in that case is based on *Morgan* v. *Lones*, 78 Cal. 58 [20 P. 248], where *final title* was *acquired during marriage* by *purchase* from the government. The Minium case is not overruled in the Bastjan case and in fact is not even mentioned.

In *Meyer* v. *Meyer*, 82 Cal.App. 313 [255 P. 767], the husband, prior to marriage, filed a desert claim. After marriage he changed the application, on the same property, to a homestead claim which, *at the time of trial*, had *not been perfected*. The court held that the finding that the property was his separate property was proper. This distinction should be noted in the many cases cited by plaintiff. In 3 California Jurisprudence, 10-Year Supplement (Community Property), pages 512, 513, section 32, it is held that the entryman acquires no title until he has complied with the law and earned his patent and he acquires only a right of possession as against trespassers and does not acquire an equitable title or equitable interest in the property until he has complied with all the statutory conditions essential for obtaining a patent.

The statute, U.S.C.A. title 43, page 132, section 162, permits the *entryman only* by perfection of conditions precedent, to secure a patent and apparently his interest is separate property, at least up to the time the patent issues. (*Wadkins* v. *Producers' Oil Co., supra.*) The federal rule is followed in many other community property states. (11 Am.Jur. (Community Property) page 192, § 29; *Hall* v. *Hall*, 41 Wash. 186 [83 P. 108, 111 Am.St.Rep. 1016]; *Teynor* v. *Heible*, 74 Wash. 222 [133 P. 1, 46 L.R.A.N.S. 1033]; *Baker* v. *Saxon* (1918),

24 N.M. 531 [174 P. 991]; U.S.C.A. title 43, pp. 117, 120, § 161, n. 12, and cases cited.)

It is expressly provided in the Federal Homestead Act that the entryman shall make no agreement with any person by which title would inure in whole or in part to any person except himself. See U.S.C.A. title 43, p. 133, § 162; *Cascade Public Service Corp.* v. *Railsback,* 59 Wash. 376 [109 P. 1062]; and *Nilson* v. *Hamilton,* 53 Utah 594 [174 P. 624], wherein it is held that an agreement to transfer (made before final proof) is illegal and contrary to public policy, and no legal or equitable rights of any kind pass to the grantee. It has been definitely held that the patent, if issued at the expiration of the homestead period, must be, subject to certain exceptions not here applicable, issued to the person making the entry and must vest the entire title in him. (*Shiver* v. *United States,* 159 U.S. 491 [16 S.Ct. 54, 40 L.Ed. 231]; *Guaranty Sav. Bank* v. *Bladow,* 176 U.S. 448 [20 S.Ct. 425, 44 L.Ed. 540]; *Wagstaff* v. *Collins,* 97 F. 3 [38 C.C.A. 19]; *Oregon Short Line R. Co.* v. *Quigley,* 10 Idaho 770 [80 P. 401]; *McCune* v. *Essig, supra.*)

Plaintiff cites McKay's work on Community Property, second edition, page 200, wherein the Minium case is criticized; California Law Review, volume IX, page 267, *"Community Property in Public Lands"*; and 126 American State Reports 117, and the authorities there cited, in support of her contention. Among those cases is *Ahern* v. *Ahern, supra,* which has been specifically overruled, as above noted, by *Teynor* v. *Heible, supra.* In the latter case the entry was made after marriage. Before the statutory period for the issuance of the patent had run, the entryman's wife died and he remarried. In an action to determine the community interest of each wife, the court said:

"If a community interest is impressed on the land by the fact of marriage at the time of its entry, as is held in the fourth group of cases, and if a community interest is also impressed by the fact of marriage at the time of the making of final proof and the issuance of the patent, as is held in the first group, then this land was impressed with the interests of two distinct communities, the one in favor of the issue of the first wife and the other in favor of the second wife. A rule that leads to such incongruous results is certainly not to be commended."

We conclude that the trial court was authorized to hold that

the 280 acres here involved was not, at the time of the separation, or at the time of trial, community property subject to distribution to the respective parties.

In view of this conclusion and the finding of the trial court it becomes unnecessary to determine the additional question whether the conduct of the parties, in commingling their separate funds with community property rendered the entire interest in the homestead land community property or whether there was sufficient evidence to establish a previous understanding of the parties that the rights acquired under it were to be community property. Under the theory here adopted defendant was not necessarily estopped from claiming that the homestead rights, which had not been finally perfected at the time of trial, were not community property.

That portion of the judgment from which this appeal has been perfected is affirmed.

Mussell, J., and Shepard, J. pro tem., concurred.