(105 N. W. 90.)

---

Simon P. Healey v. Frank N. Forman.

Opinion filed October 13, 1905.

**Public Lands — Jurisdiction of Land Department and Courts as to Title.**

1. Until the title to public land passes from the United States to a homestead claimant, the Land Department has exclusive jurisdiction of the question of title. The jurisdiction of the court arises after the title passes, and not before.

**Same.**

2. In an action for the possession of real estate, the defendant, in a counterclaim, sought to have the plaintiff declared a trustee of the title and required to convey the same to him, basing his right thereto upon certain erroneous rulings of the Land Department in canceling his entry and sustaining that of the plaintiff. His pleading showed that the title had not yet passed from the United States. *Held,* that the demurrer to the counterclaim was properly sustained.

Appeal from District Court, Richland county; *Pollock, J.*

Action by Simon P. Healey against Frank N. Forman. Demurrer to answer sustained, and defendant appeals.

Affirmed.

*Ink & Wallace* and *Purcell, Bradley & Devit,* for appellant.

One person cannot enter upon the possession of another for the purpose of acquiring title from the government. Quimby v. Conlan, 104 U. S. 420, 26 L. Ed. 800; Kendall v. Watters et al., 8 Pac. 510; Hambleton v. Duhain, 71 Cal. 136; Atherton v. Fowler, 96 U. S. 513, 24 L. Ed. 732; Trenouth v. San Francisco et al., 100 U. S. 251, 25 L. Ed. 626; Goodwin v. McCabe, 75 Cal. 584, 17 Pac. 705.

Redress may be had where fraud or deception have been practiced, which affects the judgment or decision of the officers of the land department. 26 Am. & Eng. Enc. Law, 382; Stinson Land Co. v. Hollister, 75 Fed. 941; Freese v. Scouton, 53 Kan. 347.

Where fraud or imposition, necessarily affecting the judgment of the land department, has been practiced by the patentee, the courts will compel the transfer of the title to him who, but for the fraud, would have received the patent. 26 Am. & Eng. Enc. Law, 399; Starks v. Starrs, 6 Wall. 402; Lytle et al. v. Arkansas et al., 23 How. 193; Garland v. Wynn, 20 How. 8; Lindsey v. Howes, 2 Black. 559; Moore et al. v. Robbins, 96 U. S. 530; Rector v. Gibbon et al., 111 U. S. 276, 28 L. Ed. 427; Corbet v. Wood, 32 Minn. 509; Bernier et al. v. Bernier et al., 147 U. S. 242, 13 Sup. Ct. Rep. 244.

Where a patent is issued by mistake or misconstruction of the law to one who is not entitled to it, he will be declared a trustee and compelled in equity to convey to the rightful owner. 26 Am. & Eng. Enc. Law, 399; Curtner v. United States, 149 U. S. 662, 13 L. Ed. 1041; Silver v. Ladd, 7 Wall. 219, 19 L. Ed. 138; Barnard et al.

v. Ashley et al., 18 How. 43, 15 L. Ed. 285; Minnesota v. Bach-
elder, 1 Wall. 109, 17 L. Ed. 551; Johnson et al. v. Towsley, 13
Wall. 72, 20 L. Ed. 485; Shepley et al. v. Cowan et al., 91 U. S.
330, 23 L. Ed. 424; Moore et al. v. Robbins, 96 U. S. 530, 24 L. Ed.
848; Quimby v. Conlan, 104 U. S. 420, 26 L. Ed. 800; St. Louis,
etc., Co. v. Kemp et al., 104 U. S. 636, 26 L. Ed. 875; Rector v.
Gibbon, 111 U. S. 276, 28 L. Ed. 427; Bernier v. Bernier, 147 U.
S. 242, 13 L. Ed. 244; Manley v. Tow, 110 Fed. Rep. 241; Starks
v. Starrs, 6 Wall. 402, 18 L. Ed. 925; Marques v. Frisbie, 101 U.
S. 473, 25 L. Ed. 800.

Mistake of law by registers and receivers may be corrected by
the courts. Hosmer v. Wallace, 47 Cal. 461; Hess v. Bolinger,
48 Cal. 349.

So as to commissioner of the general land office. Parsons v.
Venzke et al., 4 N. D. 452, 61 N. W. 1036, 164 U. S. 89, 17
Sup. Ct. Rep. 27.

So where title is secured by false swearing. 26 Am. & Eng. Enc.
Law, 399, 400; Garland v. Wynn, 20 How. 6; Lytle et al. v. Ar-
kansas et al., 22 How. 193; Aldridge v. Aldridge, 37 Ill. 32; Climer
v. Selby, 10 La. Ann. 182.

Equity will set aside for fraud a decision of the register and re-
ceiver confirmed by the commissioner. Mezer v. Greer, Fed. Cases
No. 9, 520.

*Chas. E. Wolfe,* for respondents.

Legal title to public land remains in the United States until
patent issues, unless the receipt is canceled for cause by the land
department. Parsons v. Venzke, 4 N. D. 452; affirmed in 164 U. S.
89; Guaranty Savings Bank v. Bladow, 6 N. D. 108; affirmed in
176 U. S. 448.

Fraud in acquiring title to public lands is solely a question be-
tween plaintiff and the United States, and cannot avail defendant
as a defense. Clark v. Lockwood, 21 Cal. 220; Paldi v. Paldi, 54
N. W. 903; Depuy et al. v. Williams et al., 26 Cal. 309; Lestrade
v. Barth, 19 Cal. 660; Bloom v. Robertson, 24 Cal. 128.

While legal title to public land remains in the government, the
land department has sole jurisdiction to try title, and the courts
will not interfere. An equitable title, set up in an action of eject-
ment, must be such as may be ripened into legal title by the decree.
Lestrade v. Barth, 19 Cal. 660; Bloom v. Robertson, 24 Cal. 128.

YOUNG, J. The plaintiff brought this action to recover possession of eighty acres of land situated in Richland county. The defendant's answer, in addition to a general denial, contains twenty-five paragraphs, in which he sets forth facts which he contends furnish grounds for the equitable relief prayed for, to wit, that the plaintiff be decreed to hold the title in trust for the defendant, and that he be required to convey the same to him. A demurrer to this portion of the answer was sustained, and defendant appeals from the order.

The answer, which consists of twenty-seven printed pages, alleges in substance that the land in question was, on April 1, 1896, a part of the public domain; that on said date the defendant established a residence thereon, and has since continuously resided on the same; that on May 4, 1896, he presented his homestead entry to the land office at Fargo; that, at a hearing had on October 1, 1896, relative to the priority of settlement, the local land office decided in favor of the defendant; that upon appeal this decision was reversed by the commissioner of the general land office, and a decision rendered in favor of the plaintiff; that upon appeal from the latter decision to the secretary of the interior it was reversed, and, on February 7, 1899, a decision was rendered awarding the land to the defendant, which decision is set out in full and made a part of the answer; that plaintiff's petition for a rehearing was denied on March 17, 1899; that on April 20, 1899, the land department, by an order through the secretary of the interior, closed the case and directed that the defendant's application be received; that on April 27, 1899, the defendant made his homestead entry and received a register's and receiver's receipt; that on May 8, 1899, the local land office pretended to order a rehearing on charges of abandonment preferred by the plaintiff, and on September 19, 1900, the local land office decided in favor of the plaintiff, canceling the defendant's entry and awarding the plaintiff the right to file; that upon appeal the foregoing decision was sustained by the commissioner of the general land office and by the secretary of the interior; that a review was denied and the case closed, and on December 8, 1900, the defendant's entry was canceled; that the plaintiff made his homestead filing on December 19, 1900; that on May 24, 1902, the plaintiff, over defendant's protest, made final proof, which was accepted by the local land office and approved upon appeal. In view of the conclusion hereinafter stated, the particular facts alleged in the answer as grounds for the equit-

able relief sought need not be set out. The prayer of the answer is that the "plaintiff be decreed to be the trustee of defendant of said land; that plaintiff be decreed to transfer and convey to defendant all his right, title and interest to said land;" and for general relief. The demurrer attacked the answer upon the ground that "the facts pleaded therein are insufficient to constitute any defense or counterclaim to plaintiff's cause of action or against the plaintiff herein," and upon the "further ground that the same show upon their face that all matters therein pleaded, as between plaintiff and defendant, have been fully and finally determined and adjudicated in a tribunal of competent jurisdiction."

In our opinion the demurrer was properly sustained. The defendant seeks to have the plaintiff declared a trustee of the legal title and required to convey the same to him. As a basis for this relief, he has alleged in great detail fraud on the part of the plaintiff, and various errors of law on the part of the officials of the land department. There is, however, no allegation that a patent has been issued to the plaintiff. Without this allegation, or its equivalent, it is entirely clear that the part of the answer attacked by the demurrer does not state facts sufficient to constitute a defense or counterclaim. Until the patent issues the title is in the United states and the land department has complete control of the question. Bank v. Bladow, 6 N. D. 108, 69 N. W. 41; s. c., 176 U. S. 448, 20 Sup. Ct. 425, 44 L. Ed. 540. The facts pleaded show that the legal title is in the United States and not in the plaintiff. There is, then, no basis of fact for the relief sought, for the plaintiff cannot be declared a trustee, or be compelled to convey title which he does not possess. "After the United States has parted with its title and the individual has become vested with it, the equities subject to which he holds may be enforced, but not before." Marquez v. Frisbie, 101 U. S. 473, 25 L. Ed. 800. Prior to that time "the interior department is the tribunal constituted by law and authorized to hear and determine all questions pertaining to the rights of the respective parties to the patent." Grandin v. LaBar, 3 N. D. 446, 57 N. W. 241, and cases cited; 26 Am. & Eng. Enc. Law (2d Ed.) 379, and cases cited. But the courts have power, after the title to land has passed to a private party, to correct the errors of the officers of the land department which have resulted from the fraud, mistake or erroneous views of the law, and to declare the legal title to the land to be held in trust for those who have the better right thereto, and to compel a conveyance accord-

ingly. Parsons v. Venzke, 4 N. D. 452, 457, 61 N. W. 1036, 50 Am. St. Rep. 669, affirmed 164 U. S. 89, 17 Sup. Ct. 27, 41 L. Ed. 360.

In this case, however, the title had not passed. The facts alleged do not show, therefore, that the defendant is entitled to the relief sought in his alleged counterclaim. Whether the allegations of the answer are otherwise sufficient we need not determine. The omission above referred to is fatal.

Order affirmed. All concur.