J. M. Cox ET AL. v. J. W. Cook.

(Case No. 4918.)

| 59 | 521 |
| 76 | 6 |
| 59 | 521 |
| 80 | 127 |
| 59 | 521 |
| 86 | 418 |

1. PATENT — CERTIFICATE.— While a patent should always contain recitals showing the number, date and class of the certificate on which it is based, yet this is not the only evidence by which the identity of the certificate on which the patent issued may be shown.  The name of the grantee, quantity of acres patented, and the location, as shown by the general land office, of the land covered by the certificate, and that conveyed by patent, may be looked to in order to identify the certificate as the one on which patent issued.

2. ANCIENT INSTRUMENT.— See statement of case for facts held sufficient to permit the introduction of a deed as an ancient instrument and *prima facie* genuine. The making of an affidavit attacking a deed as a forgery imposes on the party offering it the burden of proving its execution in accordance with the rules of common law.

3. SAME.— If one whose deed is attacked under the statute as a forgery establishes *prima facie* its genuineness, the one who impeaches it may introduce evidence to sustain his plea of *non est factum*.  If he introduces no proof (the affidavit not being evidence), and the making of the deed has been shown by any of the modes known at common law, its genuineness is established.

4. CHARGE OF COURT.— See statement of case and opinion for a charge in regard to a deed attacked as a forgery, held not to be error; following *Younge v. Guilbeau*, 3 Wall., 636.

5. COSTS.— The court has no authority to tax the attorney's fees of one defendant against another defendant.

APPEAL from Falls.  Tried below before the Hon. Jo Abbott.

Suit by appellee against J. M. Cox *et al.* to recover land.  Plaintiff offered as a muniment of title a patent to Benj. H. Abell.

It appeared from the certificate of the commissioner of the general land office, from his register of second class headrights, that certificate No. 58 was issued to Benjamin H. Abell by the board of land commissioners of Harris county; that four million eight hundred and thirty-three thousand three hundred and thirty-three square varas were located in Milam district, on the north fork of Deer creek; that the field notes were returned to the land office September 30, 1846.  The patent No. 59 was issued to Benjamin H. Abell October 30, 1846, for four million eight hundred and thirty-three thousand three hundred and thirty-three square varas on the north fork of Deer creek, in Milam county, sixteen miles from the falls of the Brazos; and, from the indorsement on the patent, it appeared that it was of the second class.  It did not appear from any recitation in the patent upon what certificate it was based.

Plaintiff also offered what purported to be a written conveyance from B. P. Abell to John Roy, dated March 26, 1840.  The defend-

.ant had filed an affidavit charging that the instrument was a forgery. Attached to the instrument was the following certificate:

"Republic of Texas, *Galveston County.*

"Personally appeared before me, R. D. Johnson, chief justice of the county aforesaid, this fourth day of April, 1840, John E. Jeffers, one of the witnesses to the written instrument, who made —— that Benjamin H. Abell signed the same in his presence.

"Given under my hand and seal of office the day and date above.

"R. D. Johnson,

"Chief Justice Galveston County."

There was a contract between B. H. Abell and F. Neibling, relating to the location of the certificates transferred, attached to this conveyance and dated March 18, 1840. In connection with this paper, the plaintiff offered in evidence the deposition of R. D. Johnson, who testified that he held the office of chief justice of Galveston county about March, 1840; he knew John E. Jeffers, one of the subscribing witnesses, well; Jeffers died in Galveston about 1850; could not say, from an inspection of the writing, whether the signatures of Abell and the subscribing witnesses Graham and Jeffers were genuine or forged; that he (deponent) was the same person who made the certificate of proof on the reverse of the deed, and was positive, from his manner of doing business at the time of the authentication of said instrument, that the witness John E. Jeffers was duly sworn at the time of making the certificate in question; the omission of the word "oath" was an omission on his (deponent's) part.

In the same connection plaintiff produced the certificate of the comptroller, showing the assessment of a portion of the land covered by said patent since 1846, against John Roy, for four hundred and eighty-eight acres; proved payment of taxes by Roy since 1850.

J. A. Martin, attorney for plaintiff, testified that he received said conveyance from J. W. Cock, plaintiff in this suit.

There is also attached to this conveyance a certificate of record in Milam county, on December 13, 1848, and another certificate of record in Falls county, on the 6th day of June, 1859.

The court first explained to the jury what an ancient document was, and then told them that the deed from Abell to Roy was such instrument, and was before them as evidence notwithstanding the affidavit of forgery, and the burden of proving it a forgery was upon those attacking it.

The language of the charge was as follows: "The defendants

have filed an affidavit attacking said deed as a forgery. The burden of showing said deed to be a forgery rests upon defendants. If the evidence satisfies your mind that said deed is a forgery, you will find for defendants without further inquiry; but if you are not satisfied that said deed is a forgery from the evidence before you, then you will regard said deed as genuine."

The defendants after filing the affidavit of forgery offered no evidence. Verdict and judgment for plaintiff. The defendants filed separate defenses, and the cost was taxed below incurred in making one Johnson, a non-resident defendant, a party against the co-defendants, as also his attorney fees, which was assigned as error.

*Goodrich & Clarkson*, for appellants, cited Stroud *v.* Springfield, 28 Tex., 663; Gainer *v.* Cotton, 49 Tex., 101; Williams *v.* Conger, 49 Tex., 582; Norris *v.* Hunt, 51 Tex., 609; Primm *v.* Stewart, 7 Tex., 182; Teal *v.* Terrell, 47 Tex., 491; Lee *v.* Salinas, 15 Tex., 495.

*J. A. Martin*, for appellee, cited, on ancient deed, Gainer *v.* Cotton, 49 Tex., 118; Shields *v.* Hunt, 45 Tex., 428; Johnson *v.* Timmons, 50 Tex., 537; Fitch *v.* Boyer, 51 Tex., 348.

On description of land, Knowles *v.* Torbitt, 53 Tex., 557; Rainbolt *v.* March, 52 Tex., 246; Ragsdale *v.* Robinson, 48 Tex., 379; Douthit *v.* Robinson, 55 Tex., 69.

WEST, ASSOCIATE JUSTICE.— The case has been carefully considered, but as it presents no new questions for determination, and the result reached is believed to be correct, it is not deemed necessary to discuss at any length the different grounds of error that have been assigned.

The land located and surveyed by virtue of the certificate was sufficiently identified as the same land embraced in the patent that was offered in evidence. The doubt (if it could be said to be one) arose from the failure of the proper authorities in issuing the patent to state by way of recital, as should always be done, the number, date and class of the certificate on which the survey and patent is based.

A proper construction of the laws, directing the issuance of patents to lands surveyed by virtue of a land certificate, is that the authority (that is, the certificate, etc.) by virtue of which the patent exists should be recited in it. Hart. Dig., art. 1853 *et seq.;* arts. 1951, 2044, 2186 *et passim;* Pasch. Dig., arts. 4287, 4289 *et passim*, 3952–3963 *et seq.*

Independent of the requirements of the statute in this respect, the patent, which is the evidence of the final severance of the land from the public domain, and of its grant by the sovereign power to a private individual, should, in accordance with the general principles of law applicable to all grants, state the consideration on which it is based, and fully identify the authority on which it rests, and by virtue of which it is made.

Under previous decisions of this court, the deed from Abell to Roy was sufficiently proved to admit of its introduction in evidence as an ancient instrument. Watrous v. McGrew, 16 Tex., 507; Mapes v. Leal, 27 Tex., 345; Stroud v. Springfield, 28 Tex., 649; Williams v. Conger, 49 Tex., 582; Johnson v. Timmons, 50 Tex., 521; Glasscock v. Hughes, 55 Tex., 461; Gainer v. Cotton, 49 Tex., 117–119.

The charge of the court as to where the burden of proof should rest was not, it is true, technically correct in all respects. It must be considered, however, with reference to the state of facts to which the court very properly addressed the charge. When so considered, it cannot be said to be erroneous, or to have misled the jury. When the proper affidavit is filed, as was done in this case, attacking the deed offered in evidence as a forgery, such a deed cannot be received in evidence without the usual proof of its execution; but when such proper proof is made, as was done in this case, it is not error to allow the deed to go to the jury as *prima facie* a genuine instrument. The impeaching affidavit has served its purpose. It has compelled the party claiming under the deed to prove its execution in accordance with the rules of evidence, and thus remove the suspicion cast on it by the affidavit of forgery. It throws upon the shoulders of the party offering the deed the burden of proving its execution in accordance with the rules of common law. Jordan v. Robson, 27 Tex., 613; Williams v. Conger, 49 Tex., 582; Muckleroy v. Bethany, 27 Tex., 552; Willis v. Lewis, 28 Tex., 186, 187; Powell v. Haley, 28 Tex., 52; Newby v. Haltaman, 43 Tex., 314.

If the party impeaching the deed desires to do so, he is at liberty to proceed to sustain by any lawful testimony his plea of *non est factum*. If he introduces no proof whatever (the affidavit not being evidence), and the opposing party proves the making of the deed in accordance with some one of the modes prescribed by the common law, the genuineness of the deed is established. The jury, in the absence of all proof sustaining the plea of *non est factum*, could not find otherwise.

The charge, then, must be read with reference to the exact case

being considered by the court. When it was given the evidence had all ceased; no more proof could be received. The appellee had been compelled, under the operation of the plea of *non est factum*, to introduce affirmative proof of the execution of his deed. The court required this of him. The appellants saw fit to introduce no evidence whatever in support of their plea of *non est factum*. Under the circumstances of the case, as thus presented, the charge was not erroneous, nor was it, as the appellants had introduced no proof in support of their plea, calculated in any manner to mislead the jury. Yonge *v.* Guilbeau, 3 Wall., 636.

Besides, as we have seen, the charge was certainly not inapplicable to the facts of the case as disclosed by the evidence, and the appellants, if dissatisfied with it as not sufficiently accurate, should have asked an instruction containing their views of the law. This they did not see fit to do.

The points raised as to the nature and character of the claim of F. Niebling to the land in suit are, for many reasons, not applicable to this case. The appellants showed no claim or title whatever to the *locus in quo.* Shields *v.* Hunt, 45 Tex., 428; Johnson *v.* Timmons, 50 Tex., 537; Fitch *v.* Boyer, 51 Tex., 348.

The motion of appellants, however, to retax the costs, should have been granted. Under the statute the court has no authority to tax the attorney fees of one defendant against another. The bill of costs will in this respect be retaxed under the direction of the district court. R. S., art. 1212, p. 196. The judgment is affirmed, with directions, however, as above indicated, as to the retaxation of the costs.

AFFIRMED.

[Opinion delivered June 1. 1883.]