### E. S. Connor v. The City of Paris.

### No. 138.

**1. Right to Impose City Taxes and Assessments.**

A city or town has no inherent right to assess upon property abutting on a street the cost of the improvement of the street. Such power must be given by its charter or some law of the State. And in the exercise of the power when conferred the requirements of the law must be strictly followed, or the assessment will be void.................... 36

**2. Enactment of City Ordinances.**

The city charter empowered the city council to grade * * * any street, etc., "whenever by vote of two-thirds of the aldermen elected they may deem such improvement for the public interest." This did not impose upon the city council as a prerequisite to such action a formal declaration that such improvement was for the public interest. Action taken towards such improvement evidences that it is so deemed. 36

**3. Special Laws.**

A city ordinance providing for improvement of a street, and imposing taxes to defray the cost, is not a special law within the meaning of article 3, section 57, of the Constitution. No notice of such action is required other than that prescribed by the charter .................... 37

**4. Practice—Costs.**

Where on appeal the judgment below is reversed and judgment rendered not for same amount nor of same nature, it is error to impose costs of the appeal upon the appellant and the sureties upon the appeal bond.. 37

**5. Interest, when Allowed.**

A city ordinance imposed assessments for street improvements, payable in yearly installments. Interest was collectable. From this condition interest would not be allowed upon the installments before maturity.. 38

**6. Practice in Supreme Court—Error not Assigned.**

When it devolves upon the Supreme Court to enter such judgment as the District Court should have entered, an erroneous judgment will not be entered because the point of objection had not been assigned. See example........................................................ 38

ERROR to Court of Civil Appeals for the Fifth District, in an appeal from Lamar County.

*A. P. Park* and *Burdett & Connor*, for plaintiff in error.—1. A vote of two-thirds of the aldermen elected, that they deem the improvement to be for the public interest, is a condition precedent to the exercise of the power to improve plaintiff's streets, and without a compliance with such condition the council has no jurisdiction in the premises. Frosh v. Galveston, 73 Texas, 401; Wood v. Galveston, 76 Texas, 126; Flewellin v. Proetzel, 80 Texas, 195; White v. Stevenson, 10 West, 861; Hewes v. Reiss, 40 Cal., 255; Merritt v. Village of Portchester, 71 N. Y., 309; Hoyt v. East Saginaw, 19 Mich., 39; Cool. on Const. Lim., 644, 655–657; Elliott on Roads and Streets, 370–374, 383–386; 15 Am. and Eng. Encycl. of Law, 1042; 17 Am. and Eng. Encycl. of Law, 236–238.

2. Section 22 is illegal and void, because it authorizes the imposition of a perpetual tax, bearing interest at 8 per cent per annum, against the property fronting on any street so improved, and also authorizes such perpetual tax bearing 8 per cent interest to be levied against the person of the owner of such property. Const., art. 1, sec. 13; Penal Code, arts. 1–6; Tied. on Police Powers, sec. 3; Cool. on Const. Lim., 401–403, 432–434; 5 Wall., 470, 471; Zickers v. Hopkins, 118 U. S., 369; 129 U. S., 123; 110 U. S., 527, et seq.; 85 Ky., 686; 24 Am. Dec., 517, 538, and note; 29 Am. Rep., 356.

3. The Legislature of the State of Texas can pass no local or special law, nor authorize a municipality so to do, unless notice of the intention to apply therefor shall have been published in the locality where the matter or thing to be affected may be situated, giving the substance of the contemplated law. Const., art. 3, secs. 56, 57; Dill. on Mun. Corp., sec. 590; 17 Am. and Eng. Encycl. of Law, 236.

*H. D. McDonald*, for defendant in error, cited: 10 Am. and Eng. Encycl. of Law, 282, note 2; Elliott on Roads and Streets, 384, 385; Frosh v. Galveston, 73 Texas, 402; Raleigh v. Peace, 10 N. C., 32; Roundtree v. Galveston, 42 Texas, 625; Taylor v. Boyd, 63 Texas, 533; Galveston v. Heard, 54 Texas, 445; Edmonson v. Galveston, 53 Texas, 157; Adams v. Fisher, 63 Texas, 651; Tinsley v. Boykin, 46 Texas, 592; Jones on Mort., secs. 953, 1459.

BROWN, Associate Justice.—The city of Paris is a municipal corporation, created by special act of the Legislature, approved March 27, 1889, of which we quote below that part material to the determination of the questions presented in this case, as follows:

" The city council shall be invested with full power and authority to grade, pave, repair, or otherwise improve any avenue, street, alley, or other highway, or any portion thereof within the limits of said city, whenever by a vote of two-thirds of the aldermen elected they may deem such improvement for the public interest; two-thirds of the cost of which grading, paving, or repairing shall be borne by the owners of the property fronting on such alley, avenue, street, or other highway so improved; and to make provisions for the payment of two-thirds of the cost of such improvements, and the cost of collecting the same, the city council shall have full power to assess, levy, and collect a tax upon the lot or lots fronting or adjoining on such alley, avenue, street, or other highway, which tax when so levied and assessed shall be a valid charge against the owner or owners of such lot or lots, as well as a lien and encumbrance upon the property itself, which amount may be collected and the said lien enforced in any court of competent jurisdiction; provided, that the city alone shall pay for the other one-third of such improvements, and for the improving of the intersections of the streets from block to block across the street either way; and provided further, that no one shall be made to pay for any improvement done on any street that may be paved or otherwise improved as hereinafter provided, save for the proportional part of the street that may be in front of or adjoining his property and to center of such street, and in no event shall such owner be compelled to pay for the improvement of such street, not including sidewalks, more than 25 per cent of the assessed value of his property fronting thereon, except with his written consent, and except property not assessed, which shall be liable for its proportion according to frontage; and that any railway or street railway company shall be liable for any grading, paving, or other improvements made upon any portion of said street used or occupied by said company;    *    *    *    and provided further, that such improvements shall be paid in not less than five annual installments, with interest thereon not exceeding 8 per cent per annum; but any person interested in such improvements may pay his part in cash before the issuance of bonds to cover the same."

The city council did not before adopting the ordinance declare that the improvement on Bonham Street in said city was for the public interest, but by a vote of two-thirds of all the aldermen elected in said city the council passed an ordinance, that part of which is involved in this case is as follows:

" Section 1. Be it ordained by the City Council of the City of Paris: That curbing, guttering, and paving are hereby ordered to be built and

put in on Bonham Street, between the Union Depot and the intersection of Mill Street; that is, a point two blocks west from the public square; the same is hereby ordered to be paved, etc., full width of the street between said points, beginning at the main track of the St. Louis & San Francisco Railway, and thence east to the eastern edge of Mill Street, with the exception of nine feet of sidewalk on each side the street. That the curbing shall be made of stone, and the guttering and paving to be made of bois d'arc blocks six inches in length, to be placed on an inch board; the plans and specifications to be more particularly furnished by the city engineer and approved by the city council, and the work all to be done under the supervision of the city engineer."

The city made the improvement on Bonham Street, and assessed upon the lot in plaintiff's petition described, as one-third of the improvement in front of the lot on said street, the sum of $246.73. The lot fronted on Bonham Street, and was the property of plaintiff in error. The sum assessed, according to another ordinance of the city, was to be paid in ten equal installments and to bear 8 per cent interest per annum, payable annually. The first installment fell due on the 24th day of February, 1891, and Connor having refused to pay either installment or annual interest, the city sued in the District Court of Lamar County to foreclose the lien of the city upon the lot for the first installment and first year's interest on the whole amount. In the petition it was alleged, that the other ten installments would fall due respectively on the 24th day of February of each succeeding year until and including the year 1900, and prayed for general relief.

Connor filed a general demurrer and special exceptions and a general denial, which exceptions and demurrer were overruled, and judgment was rendered foreclosing the lien of the city upon the lot for the first payment due and first year's interest upon the entire assessment, amounting to the sum of $46.86; and also ascertaining that the remaining nine payments would fall due at the times alleged, including annual interest for each year upon the unpaid installments; ordered that when the property should be sold the purchaser should execute to the city of Paris his notes for each installment due at the time that the installment will become due, including annual interest, to bear interest, with a lien upon the lot; the balance, if any, to be paid to the defendant, he paying all costs.

The Court of Civil Appeals reformed this judgment so as to order the sale of the property for the first payment and first year's interest on the whole amount, for installments not due, subject to the city's lien, and judgment against Connor and his sureties on his appeal bond for the said sum of $46.86 and all costs.

The questions presented by plaintiff in error for our determination are:

First. That a declaration by two-thirds of the aldermen elected in the city of Paris, that "they deemed the improvement for the public inter-

est" was a condition precedent to passing the ordinance ordering the improvement to be made; and this not having been done, the ordinance is void.

Second. That section 22 of the charter is unconstitutional and void, first, because it authorizes a special tax on property in a particular locality for the public interest; second, because it authorizes perpetual tax upon the property fronting on the street to be improved, and because it authorizes such tax to bear interest; third, because the charter does not require notice to be given of the intention of the counsel to levy a tax and to cause the improvement to be made, as being in violation of section 57, article 3, of the Constitution of the State.

Third. That the Court of Civil Appeals erred in entering judgment against the plaintiff in error and his sureties upon the appeal bond for the amount of the first installment and interest, and because the court erred in entering judgment against the plaintiff in error and his sureties or against the plaintiff for the costs of appeal.

A city or town has no inherent right to assess upon abutting property on a street the cost of improvement of the street; such power must be given by its charter or some law of the State, and in the exercise of the power when conferred the requirements of the law must be strictly followed or the assessment will be void. If the performance of an act is made a condition precedent to the exercise of the power, the act so required must be performed substantially as directed, or the assessment will be invalid. Elliott on Roads and Streets; Frosh v. City of Galveston, 73 Texas, 401; Merritt v. Portchester, 71 N. Y., 309; Hoyt v. East Saginaw, 19 Mich., 39.

Neither by its language nor by fair implication does the charter of the city of Paris make it a condition precedent to the exercise of the power to order the work to be done or to levy the assessment, that the council shall by a two-thirds vote declare that it is "deemed to be for the public interest." The object of the law was to secure the citizen against hasty and improper impositions of such burdens, by requiring that a vote of two-thirds should be requisite to order the work. The council could not order it for any purpose other than to meet the demands of "public interest," and the law will presume that in adopting the ordinance the council acted from lawful motives. It was not necessary to declare beforehand, nor in the ordinance itself, that the council deemed it to be in the interest of the public; the adoption of the ordinance declared that as effectually as if it had been so expressed. Elliott on Roads and Streets, 386; Stuyvesant v. Mayor of New York, 7 Cowen, 588; Young v. St. Louis, 47 Mo., 492; Kiley v. Forsee, 57 Mo., 390; Platters v. Board, etc., 103 Ind., 360.

The cases of Merritt v. Portchester and Hoyt v. East Saginaw, supra, cited by plaintiff in error, do not hold a contrary doctrine. In the case

of Merritt v. Portchester, the law required the commissioners to be sworn before entering upon the discharge of the duty imposed, and it was held that this was a condition precedent to the performance of the duty. So in Hoyt v. East Saginaw the law expressly required that a resolution should be passed by the council before the work could be undertaken, and the court there said, in effect, that if it had not been so required the passage of the ordinance would have been a sufficient declaration.

In Frosh v. Galveston, cited above, it was held that the report of the engineer was made a condition to be performed before the council could determine whether or not the work should be done. Nothing of the kind is embodied in this law. The thing to be declared is of itself necessarily considered and determined in the passage of the ordinance ordering the improvement to be made.

That the Legislature may empower a city to levy upon abutting property an assessment to pay a part of the cost for improving a street upon which such property fronts, is too well settled by the decisions of this court to admit of argument. Roundtree v. City of Galveston, 42 Texas, 625; Taylor v. Boyd, 63 Texas, 533; Adams v. Fisher, 63 Texas, 651. It has likewise been settled that the Legislature may authorize the collection of interest upon taxes. City of Galveston v. Heard, 54 Texas, 447; Cool. on Tax., 436.

It is claimed that the charter, so far as it authorizes the assessment, is void, because no notice was required to be given by the council before the ordinance was adopted, being in violation of article 3, section 57, of the Constitution. This was not a special law within the meaning of that section, which has reference alone to acts of the Legislature. No notice was required other than that prescribed by the charter. Taylor v. Boyd, 63 Texas, 533; Adams v. Fisher, 63 Texas, 651.

The District Court entered judgment foreclosing the lien for all the assessments, which the Court of Civil Appeals reformed, and entered judgment foreclosing the lien for the first assessment and one year's interest on the whole amount, with an order to sell the lot subject to the installments not embraced in the judgment. This was not a judgment for the same amount nor of the same nature as specified in section 37 of the act to organize the Courts of Civil Appeals (Laws Called Session, Twenty-second Legislature, 31), and the Court of Civil Appeals erred in entering judgment against the plaintiff in error (appellant in that court) and his sureties for the installment and interest for which it gave judgment and for costs of appeal. Connor should have recovered the costs of that court.

The error shown above will require that this court reverse the judgment of the Court of Civil Appeals and the District Court and enter such judgment as the District Court and the Court of Civil Appeals should have rendered.

This presents a question not mentioned in the petition for writ of error. The twenty-second section of the charter of the city of Paris authorizes it to collect interest not to exceed 8 per cent per annum. Interest, unless otherwise expressed, is payable when the debt becomes due, and can not be collected before maturity of the debt. The statute did not authorize the city to make interest on the whole amount payable annually, when the installments were not due. The interest upon each installment can be collected only when the installment falls due. It was error in the District Court and in the Court of Civil Appeals to give judgment for the interest on the entire assessment. Although we would not ordinarily take notice of an error not assigned, yet when the duty devolves upon this court to enter such judgment as the District Court should have entered, an erroneous judgment will not be entered because the point of objection has not been assigned.

It is ordered, that judgment be entered in favor of the city of Paris against E. S. Connor, that the first installment of the assessment made against the property described was due on the 24th day of February, 1891, to-wit, the sum of $24.67, and that the lien of said city of Paris upon the said lot be and the same is foreclosed; said sum of $24.67 to bear interest at the rate of 8 per cent per annum from the 24th day of February, 1891.

It is further ordered, that E. S. Connor have judgment against the city of Paris for the costs of the Court of Civil Appeals and of this court, and that the city of Paris recover of E. S. Connor the costs of the District Court.                                        *Reversed and rendered.*

Delivered May 21, 1894.

Justice Gaines not sitting.