[No. 6938.   Decided December 9, 1907.]

## M. J. ROGERS et al., Respondents, v. MINNEAPOLIS THRESHING MACHINE COMPANY, Appellant.[1]

PUBLIC LANDS—HOMESTEAD—MORTGAGE.   A homestead claimant may mortgage the homestead after final proof, before the issuance of a patent.

HUSBAND AND WIFE — COMMUNITY PROPERTY — PUBLIC LANDS — HOMESTEAD MORTGAGE.   A homestead settled upon and improved by a man before marriage, to whom patent is issued therefor after final proof, is his separate property; and his wife need not join in a mortgage thereof.

APPEAL—BONDS— SUPERSEDES — DESCRIPTION OF JUDGMENT — LIABILITY OF SURETY.   An appeal by a lien claimant from a judgment declaring the priority of and foreclosing a mortgage, with an application for an order fixing the amount of the bond to supersede the judgment "and the whole thereof," wherein the bond given showed on its face that it was given for that purpose and in terms stayed the whole judgment, is an appeal from the whole judgment and not merely from that part declaring the priority of the liens; and upon affirmance, the surety is liable for the full amount of the judgment.

Appeal from a judgment of the superior court for Douglas county, Steiner, J., entered April 1, 1907, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to foreclose mortgages upon a homestead.   Affirmed.

*J. B. Campbell* and *J. D. Campbell*, for appellant.

*Danson & Williams* (*Fred H. Moore*, of counsel), for respondent.

DUNBAR, J.—The undisputed facts in this case are briefly as follows:   Lewis E. Badger filed on his government homestead in March, 1898.   He was married when he filed, but his wife died in October, 1901.   He married Maggie V. Badger

[1]Reported in 92 Pac. 774; 95 Pac. 1014.

in January, 1903, and lived on his government homestead with her until he made final proof on said homestead May 1, 1903. He and his wife mortgaged said homestead to M. J. Rogers, respondent, May 4, 1903. He, his wife not joining, mortgaged said homestead to Russell & Company, respondent, on June 11, 1903. Patent to said homestead issued to Lewis E. Badger, June 21, 1904. Lewis E. Badger, his wife joining with him, mortgaged said homestead to appellant, the Minneapolis Threshing Machine Company, on the 31st day of July, 1905. This was an action to foreclose the aforesaid mortgages, and the court found the mortgages respectively had been properly executed, and the amount due on them, and that they were all entitled to foreclosure; but found that the mortgage to M. J. Rogers was a first lien on the property; that the mortgage to Russell & Company was a second lien on the property, and that the mortgage to the appellant Minneapolis Threshing Machine Company, a corporation, should be satisfied out of the property subject to the aforesaid mortgages.

The appellant makes two contentions: first, that the mortgage to M. J. Rogers is not a valid lien on said land, because, at the time that Lewis E. Badger and Maggie V. Badger executed the same, the patent had not been issued, and title was still in the Federal gvoernment, and they could not, therefore, make a valid mortgage on said land; second, that as Lewis E. Badger was a married man at the time final proof was made, said land was the community property of himself and his wife; and as the mortgage which Lewis E. Badger gave to Russell & Company was not joined in by his wife, the same is void, and consequently the mortgage given to the Minneapolis Threshing Machine Company is a first lien on said premises.

The first proposition has been directly decided adversely to the appellant's contention in *Boggan v. Reid*, 1 Wash. 514, 20 Pac. 425, and in *Weber v. Laidler*, 26 Wash. 144, 66 Pac.

400, where, after an exhaustive review of the authorities, the court made the following announcement:

"Thus, it appears that the overwhelming weight of authority is in favor of sustaining mortgages executed prior to the issuance of a patent."

The second proposition has been as conclusively decided by this court in *Forker v. Henry*, 21 Wash. 235, 57 Pac. 811, where it was decided that a homestead, settled upon and improved by a woman before her marriage, who continued to reside thereon with her husband after her marriage, and to whom a patent was issued therefor after final proof, was her separate property, the court, after a review of the authorities, saying:

"A consideration of the authorities from those states in which the community property law exists seems to establish the principle 'if either spouse before the marriage has acquired an equitable right to property which is perfected after marriage, the property is separate.'"

It will be seen that this case involved precisely the same state of facts upon which appellant bases its claim in the case at bar. In consideration of the cases above cited, it becomes unnecessary to discuss the Federal cases cited and discussed in the briefs of respective counsel.

The judgment is affirmed.

HADLEY, C. J., ROOT, RUDKIN, and CROW, JJ., concur.

MOUNT and FULLERTON. JJ., took no part.

## ON MOTION TO MODIFY JUDGMENT.
[Decided May 28, 1908.]

HADLEY, C. J.—It was found by the trial court that all the mortgages were entitled to foreclosure. Personal judgment was entered against the mortgagors for the respec-. tive amounts and in favor of the respective mortgagees, and foreclosure was awarded as to all. But it was decreed that the mortgage of M. J. Rogers is a first lien, that of Russell

& Company a second lien, that of Minneapolis Threshing Machine Company a third lien upon the property, and that said liens should be satisfied from the sale of the property in the order above named. The Minneapolis Threshing Machine Company appealed. The notice of appeal described the appeal as being from "that certain final judgment rendered and entered in this cause on the first day of April, 1907, and from the conclusions of law made and rendered herein by the superior court of Douglas county, Washington." Application was also made to the court, asking that the amount of a supersedeas bond on appeal should be fixed. The application described the appeal as being from "the whole of the judgment," and the court entered an order fixing the amount of the bond required "to supersede said judgment and the whole thereof" at $6,300. A bond was given by the appellant in the full sum of $6,500, conditioned as an appeal and supersedeas bond, with the United States Fidelity and Guaranty Company as surety. The judgment of the trial court was affirmed by this court, and judgment was entered here against the appellant and the surety and in favor of the two respondents, for the respective sums rendered in their favor against the mortgagors below. The appellant has now moved to modify the judgment entered here so as to provide for the recovery from appellant and its surety of costs only.

Appellant contends that the record indicates that the appeal was taken merely to determine the priority of liens, and that it therefore involved a part of the judgment only. We think it is manifest from what we have above stated from the record that the appeal was from the entire judgment, and that the bond stayed all proceedings thereunder. It is argued that, as there was no money judgment entered against appellant below, there can be no judgment entered against it and the surety here, and the case of *Titlow v. Cascade Oatmeal Co.*, 16 Wash. 616, 48 Pac. 406, is cited. Judgment was sought in that case here against the appellant and his surety for the full amount of the judgment affirmed, but was denied. The

appeal was, however, expressly taken from a portion of the judgment only, and any stay of proceedings which resulted was merely incidental thereto. Here, however, the appeal was expressly taken from the whole judgment, the amount of the bond necessary to stay the whole judgment was asked and fixed, and the bond upon its face shows that it was given for that purpose, a fact known at the time to both the appellant and its surety. The bond in all respects complies with the requirements of Bal. Code § 6506 (P. C. § 1054) where it is sought to stay the whole judgment. The same section provides that, if it is intended to stay proceedings on only a part of the judgment, the bond shall be so varied as to secure the part stayed alone. Such was not done here, but proceedings under the whole judgment were entirely stayed. Respondents were not only precluded from effecting a sale of the mortgaged premises, but they were also prevented from enforcing their respective shares in the personal judgment by means of ordinary execution. The bond expressly provided for the satisfaction and performance of the judgment appealed from, in case that judgment should be affirmed by this court, and by the terms of Bal. Code § 6523 (P. C. § 1071), it was proper under such circumstances, to enter judgment here against both the appellant and surety for the full amount of the judgment below. In view of the statutory provisions, the bond became in the nature of a contract agreeing that judgment might be at once entered here against both appellant and the surety in the event of an affirmance. The consideration for such agreement was the benefit to be derived from a stay of all proceedings meanwhile.

The motion is denied.

FULLERTON, RUDKIN, CROW, DUNBAR, ROOT, and MOUNT, JJ., concur.