(September 8, 1913.)

## HUMBIRD LUMBER CO., Appellant, v. SARAH JANE DORAN et al., Respondents.

[135 Pac. 66.]

COMMUNITY PROPERTY—SEPARATE PROPERTY OF HUSBAND — SEPARATE PROPERTY OF WIFE—LIABILITY OF WIFE AND COVENANT OF WARRANTY—PRESUMPTION AS TO OWNERSHIP.

1.   Where a government homestead entry has been made and the equitable title thereto has been earned prior to the marriage of the entryman, the property acquired under such entry will become the separate property of the entryman under secs. 2678 and 2679 of

the Rev. Codes, although such entryman marries prior to making final proof or acquiring the legal title to the land.

2.   Where a wife joins her husband in a warranty deed conveying his separate property and for the conveyance of which the husband receives the consideration, the wife is not liable in an action for breach of the covenant of warranty, for the reason that such contract and covenant of warranty is not made with reference to the wife's separate property or for her own use or benefit.

3.   All property acquired by either spouse during coverture is presumed to be community property, and the burden of proof rests upon the party who asserts that it was separate property to show such fact by a preponderance of the evidence.

4.   As to whether timber cut from land, which is the separate property of one of the spouses, constitutes "rents or profits from the separate property" within the purview and meaning of sec. 2680 of the Rev. Codes, adverted to and doubted but not decided.

5.   Under the provisions of sec. 4479, Rev. Codes, the rents, issues and profits of the separate property of the wife are exempt from execution against the husband.

6.   Evidence in this case examined and *held* sufficient to support the verdict and judgment.

APPEAL from the District Court of the Eighth Judicial District for Bonner County.   Hon. Robert N. Dunn, Judge.

Action for damages for breach of the covenant of warranty. Answer and cross-complaint. Judgment for defendant. Plaintiff appealed.   *Affirmed.*

E. W. Wheelan, for Appellant.

The property conveyed by the defendants is to be considered community property by virtue of the legal presumption arising from the fact that the land purported to be conveyed by them as husband and wife. (*Alverson v. Jones,* 10 Cal. 12, 70 Am. Dec. 689; *Tompkins' Estate,* 12 Cal. 114; *Noe v. Card,* 14 Cal. 576; *Freese v. Hibernia Sav. & Loan Soc.,* 139 Cal. 392, 73 Pac. 172; *Montegut v. Trouart,* 7 Mart. (La.), O. S., 361; *Brown v. Lockhart,* 12 N. M. 10, 71 Pac. 1086; *Love v. Robertson,* 7 Tex. 6, 56 Am. Dec. 41; *Ahern v. Ahern,* 31 Wash. 334,

96 Am. St. 912, 71 Pac. 1023; *Hill v. Gardner,* 35 Wash. 529, 77 Pac. 808.)

The law throws the burden of identifying the funds as a part of the separate estate upon the party claiming the benefit of such estate. (*Ramsdell v. Fuller,* 28 Cal. 42, 87 Am. Dec. 103.)

The fact that a deed of purchase received during coverture is taken in the name of the wife raises no presumption in her favor to the effect that the property became her separate property, and in the absence of evidence that the property was purchased with the separate funds of the wife the presumption that it is community property is conclusive. (*Pixley v. Huggins,* 15 Cal. 127; *Tucker v. Carr,* 39 Tex. 98.) Such a deed excludes all presumption that the purchase was acquired by gift, bequest, devise or descent. (*McDonald v. Badger,* 23 Cal. 393, 83 Am. Dec. 123; *Meyer v. Kinzer,* 12 Cal. 247, 73 Am. Dec. 538.)

The proof introduced in rebuttal of the presumption that land conveyed to the wife during coverture is community property must be clear and indisputable. The funds invested must be traced back to the separate estate,—not through indefinite and unknown channels, but connectedly and plainly. (*Schmeltz v. Garey,* 49 Tex. 49; McKay on Community Property, secs. 255–265.)

G. H. Martin, for Respondents.

A homestead, acquired by the husband upon an entry made before marriage is his separate property. (McKay on Com. Prop., secs. 29–34, incl.; 6 Am. & Eng. Ency. of Law, 2d ed., 318; *Forker v. Henry,* 21 Wash. 235, 57 Pac. 811; *Rogers v. Minneapolis etc. Co.,* 48 Wash. 19, 92 Pac. 774, 95 Pac. 1014; *Morgan v. Lones,* 80 Cal. 317, 22 Pac. 253; *Harris v. Harris,* 71 Cal. 314, 12 Pac. 274.)

Before the court would be warranted in binding the wife by a personal judgment, or before it would be warranted in binding her separate property upon the covenants in the deed, or for a breach thereof, it is necessary for the plaintiff to

plead and prove that such covenants were made for her separate use and benefit, or for the use and benefit of her separate property. (*Dernham v. Rowley,* 4 Ida. 753, 44 Pac. 643; *Jaeckel v. Pease,* 6 Ida. 131, 53 Pac. 399; *Strode v. Miller,* 7 Ida. 16, 59 Pac. 893; *Holt v. Gridley,* 7 Ida. 416–420, 63 Pac. 188; *Bank of Commerce v. Baldwin,* 12 Ida. 202, 85 Pac. 497; *Edminston v. Smith,* 13 Ida. 645, 121 Am. St. 294, 92 Pac. 842, 14 L. R. A., N. S., 871; *Hall v. Johns,* 17 Ida. 224, 105 Pac. 71.)

Under sec. 4479, the rents, issues and profits of the wife's separate property cannot be taken on attachment or execution for the payment of the debts of the husband. (*Thorn v. Anderson,* 7 Ida. 421, 63 Pac. 592; *Evans v. Kroutinger,* 9 Ida. 153, 72 Pac. 882, 2 Ann. Cas. 691.)

Where there is a conflict in the evidence and the case is tried with a jury and a verdict is returned and a judgment is rendered thereon, this court will not set aside such verdict and judgment. (*Hansen v. Haley,* 11 Ida. 278–291, 81 Pac. 935; *Wolfe v. Ridley,* 17 Ida. 173, 104 Pac. 1014, 20 Ann. Cas. 39.)

AILSHIE, C. J.—This action was instituted by the appellant against Joseph Doran and Sarah Jane Doran, his wife, to recover judgment against them for damages caused by the breach of warranty contained in a deed executed by the Dorans in favor of the appellant for a tract of land situated in Bonner county. The defendant, Joseph Doran, defaulted and judgment was entered against him according to the prayer of the complaint. The defendant, Sarah Jane Doran, answered, admitting the execution of the deed, but denying that she had any interest in the property conveyed, and alleging that it was the separate property of her husband, and that she joined in the deed merely on account of being the wife of Joseph Doran. She at the same time filed a cross-complaint, alleging that the plaintiff (appellant herein) had caused certain property owned by her in the city of Sandpoint to be attached on the debt of her husband, and alleged that the property was her separate property, and that her

husband had no interest therein, and prayed that the attachment be released and discharged and her property relieved therefrom. The case went to trial, and after the proofs were submitted the plaintiff was nonsuited on its alleged cause of action against the defendant, Sarah Jane Doran, and the proofs were submitted to a jury on the allegations of the cross-complaint, and the jury returned their verdict in favor of the defendant, Sarah Jane Doran, and judgment was thereupon entered in her favor. This appeal has been prosecuted from the judgment of nonsuit and also the judgment entered in favor of the defendant on her cross-complaint.

There is no doubt but that the court properly granted a nonsuit against the plaintiff and in favor of the defendant, Sarah Jane Doran. It appears that the land deeded by the Dorans to the appellant had been entered by Joseph Doran in July, 1901, under the homestead law. Joseph Doran and Sarah Jane Doran were not married until 1905, and in the same year final proof was submitted on his homestead entry and final certificate of entry was issued, and in April, 1906, the Dorans deeded this property to appellant. The entry of this land by Joseph Doran was made and an equity therein was earned prior to his marriage to Sarah Jane Doran, and under the statutes of this state (sec. 2679) and the decisions of the courts, the land became his separate property. (*Harris v. Harris*, 71 Cal. 314, 12 Pac. 274; *Morgan v. Lones*, 80 Cal. 317, 22 Pac. 253; *Forker v. Henry*, 21 Wash. 235, 57 Pac. 811; *Rogers v. Minneapolis Threshing Machine Co.*, 48 Wash. 19, 92 Pac. 774, 95 Pac. 1014; *Lake v. Bender*, 18 Nev. 361, 4 Pac. 711, 7 Pac. 74; *Gardner v. Burkhart*, 4 Tex. Civ. App. 590, 23 S. W. 709; 6 Am. & Eng. Ency. of Law, 2d ed., 318; McKay on Community Property, secs. 29–34.)

The proof also shows that the consideration ($5,000) paid by appellant for this tract of land was paid in full to the husband, Joseph Doran. It being established that this land was the separate property of the husband and that the wife had no interest therein and that she received no part of the purchase price, she would not be liable for any breach of covenant of title contained in the deed and could not be held

thereunder for the failure of title.   (*Hall v. Johns,* 17 Ida. 224, 105 Pac. 71; *Edminston v. Smith,* 13 Ida. 645, 121 Am. St. 294, 92 Pac. 842, 14 L. R. A., N. S., 871; *Bank v. Baldwin,* 12 Ida. 202, 85 Pac. 497; *Holt v. Gridley,* 7 Ida. 416, 63 Pac. 188; *Strode v. Miller,* 7 Ida. 16, 59 Pac. 893; *Jaeckel v. Pease,* 6 Ida. 131, 53 Pac. 399; *Dernham v. Rowley,* 4 Ida. 753, 44 Pac. 643; *McFarland v. Johnson,* 22 Ida. 694, 127 Pac. 911.)

Subsequent to the conveyance of this property by the Dorans to appellant, proceedings were had in the Department of the Interior, contesting the right of Joseph Doran to take title to this property and alleging that he had failed to comply with the statutes in relation thereto, and after hearing was had his entry was canceled.   It is for this failure of title that the present action was brought on the covenants of the deed.   It is argued, therefore, that this was not the separate property of the husband, for the reason that he never acquired any title to it, and that neither of the Dorans had title to the property, and that they are therefore both equally liable upon the covenants and contract evidenced by the deed.   This argument is answered by what has previously been said.   The deed and contract signed by Sarah Jane Doran, the wife, did not concern or affect her separate property or estate, was not made in reference thereto, and did not in any way inure to her benefit or the benefit of her separate estate.   Under the statutes of this state and the repeated decisions of this court, as above set forth, she is not liable on such contract.

The next question presented is the sufficiency of the evidence to support the verdict and judgment in favor of the respondent, Sarah Jane Doran, and against appellant.   A recital of the evidence would be of no use in this opinion.   It is sufficient, however, to support the verdict and judgment. The Sandpoint property was acquired after respondent's marriage with Joseph Doran.   The *prima facie* presumption, therefore, arose in this case that the property was community property and the burden of proof was upon the respondent to show that it was her separate estate.   (*Brown v. Lockhart,* 12 N. M. 10, 71 Pac. 1086; *Freese v. Hibernia Sav. & Loan Assn.,* 139 Cal. 392, 73 Pac. 172; *Alverson v. Jones,* 10 Cal. 9,

70 Am. Dec. 689; *Cooks v. Bremond,* 27 Tex. 457, 86 Am. Dec. 637; *Shaw v. Hill,* 20 La. Ann. 531, 96 Am. Dec. 423.)    It was shown that respondent had acquired a homestead prior to her marriage with Joseph Doran and that she sold timber from this land from which she procured considerable money and that she also subsequently sold the land.    A part of the money was used in paying off mortgages and debts she owed, and she loaned a part of the money to her husband and used the remainder in making a part payment on the Sandpoint property.

The principal conflict in the evidence is as to where she procured the money with which to make final payment on this property, whether it was from her separate estate or was paid out by her husband, either out of his separate property or the community property.    On this point there was sufficient evidence to justify the jury in concluding that the final payments were made out of the money she had previously loaned to her husband.

Considerable time is consumed in argument of the proposition that under the provisions of the statute, sec. 2680 of the Rev. Codes, "the rents and profits of the separate property of the husband and wife is community property," and that, therefore, any money realized from timber cut off the homestead became community property and was liable on execution against the husband.    It is unnecessary in this case for us to determine whether timber cut from land which is the separate property of either spouse is to be classed as profits, for the reason that under the provisions of sec. 4479, Rev. Codes, the rents, issues and profits of the separate property of the wife are exempt from execution against the husband.    In this case the Sandpoint property has been attached on a debt of the husband and on a claim for which the wife is not liable. It therefore falls within the purview of sec. 4479, in that it is exempt from execution, even though it should be admitted (which we do not) that the money realized from the sale of timber became community property.

We have examined the instructions given in this case, and, when taken as a whole, we think they correctly stated the law of the case to the jury.

Judgment is affirmed, with costs in favor of respondent.

Sullivan and Stewart, JJ., concur.