## A. C. HORN CO. OF TEXAS et al. v. BONIN et al. (No. 9344.)

Court of Civil Appeals of Texas. Galveston. Jan. 8, 1930.

See, also, 6 S.W.(2d) 816.

Baker, Botts, Parker & Garwood, of Houston, for appellants.

Hill & Harvey, of Houston, for appellees.

PLEASANTS, C. J. The genesis and progress of this litigation may be thus briefly stated:

On April 16, 1927, appellants, the A. C. Horn Company of Texas and the F. W. Heitmann Company, recovered a judgment in the court below against appellee, J. A. Bonin, for $315.69 and $173.69, aggregating the sum of $489.38, with foreclosure of a lien to secure said sums upon an automobile described in plaintiffs' petition, and against L. Henry and Thomas W. Menefee, sureties upon a replevy bond executed by said Bonin in regaining possession of the automobile which had been taken from him under a writ of sequestration.

Thereafter, on May 21, 1927, the said Bonin, as principal, with L. Henry, J. N. Bonin, and Thomas W. Menefee, as sureties, executed the following supersedeas appeal bond:

"In the County Court at Law of Harris County, Texas.

"A. C. Horn Company of Texas et al. v. J. A. Bonin. No. 24248.

"Whereas, in the above entitled and numbered cause pending in the County Court at Law of Harris County, Texas, and at a regular term of said Court, to-wit: on the 16th day of April, A. D. 1927, the said plaintiffs, A. C. Horn Company of Texas, recovered judgment against the said J. A. Bonin for the sum of $286.99, with interest from April 12, 1927, at 8% per annum and $28.70 costs of court; and the plaintiff F. W. Heitmann Company recovered judgment against the said J. A. Bonin for the sum of $157.90 with 8% interest thereon from April 12, 1927, and $15.79 costs of court, and said plaintiffs, jointly, recovered judgment against said J. A. Bonin foreclosing a chattel mortgage lien on 'One Willis Knight Coupé Sedan automobile Model No. 65 Engine No. 27049 Florida State License No. 867550,' and ordering sale of said auto to satisfy said judgments and costs; and whereas, on the ——— day of April, 1927, a motion theretofore filed by the said J. A. Bonin praying for a new trial was overruled, to which action of the Court the said J. A. Bonin then and there excepted and gave notice of appeal to the Court of Civil Appeals of the First Supreme Judicial District, at Galveston, and from which judgment and order, and the said J. A. Bonin, on the ——— day of May, A. D. 1927, filed in said County Court at Law his petition for writ of error, stating that he desires to remove said judgment and proceedings to our Court of Civil Appeals for the First Supreme Judicial District of Texas, at Galveston, for revision and correction:

"Now, therefore, we, the said J. A. Bonin, as principal, and J. N. Bonin and Thomas W. Menefee as sureties, acknowledge ourselves bound to pay to the said A. C. Horn Company of Texas, the sum of Six Hundred Seventy-five Dollars, and acknowledge ourselves bound to pay to the said F. W. Heitmann Company the sum of Three Hundred & Seventy-five Dollars. Conditioned, that the said J. A. Bonin, plaintiff in error, shall prosecute his said writ of error with effect, and in

case the judgment of the Supreme Court or the Court of Civil Appeals shall be against him, that he shall perform its judgments, sentence or decree, and pay all such damages as said court may award against him.

"Witness our hands this 21st day of May, A. D. 1927.

"J. A. Bonin, Principal.
"J. N. Bonin,
"Thomas W. Menefee, Sureties."

An appeal by writ of error was perfected, and upon a hearing of the appeal the Court of Civil Appeals for the Fourth District rendered the following judgment:

"This cause came on to be heard on the transcript of the record, and, the same being inspected, because it is the opinion of the Court that there was no error in the judgment of the court below in respect to which appellant makes no complaint, that is to say, with reference to the judgment against appellant upon the note sued upon; it is therefore adjudged, and ordered that the judgment, in this particular, be in all things affirmed; but that the judgment of the court below in so far as it forecloses the mortgage lien upon the automobile, be reversed and the cause remanded for further proceedings in accordance with the opinion of this court."

After obtaining return of the mandate to the court below, the appellants, on July 20, 1928, caused an execution to be issued against J. A. Bonin, L. Henry, J. N. Bonin, and Thomas W. Menefee on the money judgment which was affirmed by the appellate court, for the amount due upon the judgment. Upon the issuance of this execution, the appellees herein, who were the sureties upon the supersedeas bond, brought this suit to enjoin any levy on their property or attempt to collect from them the original judgment under the execution so issued.

Upon the trial in the court below from which this appeal proceeds, a temporary injunction theretofore granted was perpetuated.

■ We are inclined to agree with appellant that the appeal in which the supersedeas bond was executed was from the entire judgment, and that, by executing such bond, the appellees became liable for the money judgment rendered against their principal, which was affirmed by the Court of Appeals. If it was necessary for a decision of this appeal to decide this question, we would not follow the opinion in the case of Schutze v. Dabney (Tex. Civ. App.) 204 S. W. 347, but would feel constrained to certify the question to the Supreme Court. We think the cases of Denton Milling Co. v. Blewett (Tex. Civ. App.) 254

S. W. 236, 240, Rogers v. Minneapolis Threshing Machine Co., 48 Wash. 19, 92 P. 774, 95 P. 1014, Pease v. Rathbun-Jones Engineering Co. (C. C. A.) 228 F. 273, and other cases cited by appellant, which hold, as stated in the opinion in Denton Milling Co. v. Blewett that: "The purpose of a supersedeas bond is to secure the payment of the judgment from which the appeal is taken, and it logically follows that, if any part of that judgment is sustained by the appellate court, the sureties become liable for its satisfaction. Where a cost bond only is the basis of the appeal the conditions of the bond are fulfilled when the judgment is reversed, or so reformed as to impose the costs on the party resisting the appeal. Blair v. Sanborn, 82 Tex. 686, 18 S. W. 159"—announce the sound logical rule which should be followed by our courts.

■■ Conceding, however, that the sureties upon the supersedeas bond are liable for the money judgment affirmed by the appellate court, such liability can only be enforced through a judgment against the sureties, and the record discloses no such judgment. The Court of Appeals rendered no judgment against the sureties, and only affirmed the judgment against J. A. Bonin upon his note. It does appear that the judgment of the trial court in the original suit was against J. A. Bonin and the sureties on his replevy bond, two of whom are also sureties on the supersedeas bond, for the amount due upon the note sued on, but the judgment against the sureties on the replevy bond was not authorized by the pleadings. The liability of these sureties is fixed by the statute, and only arises when the plaintiff in the suit establishes his right in the replevied property. When the Court of Appeals found that plaintiff had failed to do this and reversed the judgment on that issue, it could not and did not affirm the judgment against these sureties for the amount due upon the note, but limited its affirmance of that portion of the judgment to the appellant J. A. Bonin.

In this state of the record there is no judgment against the appellees upon which execution against them could lawfully issue, and the trial court properly enjoined the levy of the execution against appellees. We think the cases of Irvin v. Ferguson, 83 Tex. 491, 18 S. W. 822, and Blair v. Sanborn, supra, sustain this conclusion.

It does not follow, however, that appellants are without remedy to enforce the liability of appellees to them by a suit on the bond.

We think the judgment should be affirmed, and it has been so ordered.

Affirmed.