MARTINEZ et al. v. SOUTHWEST BITULITHIC CO.

No. 10317.

Court of Civil Appeals of Texas.
San Antonio.

June 8, 1938.

Rehearing Denied Aug. 31, 1938.
Further Rehearing Denied Sept. 21, 1938.

H. L. Faulk, of Brownsville, for appellants.

West & Hightower, of Brownsville, for appellee.

MURRAY, Justice.

This suit was instituted by the Southwest Bitulithic Company, in the District Court of Cameron County, against Genaro Martinez and wife, Joaquina Bejaran de Martinez, seeking to recover the amounts alleged to be due on paving certificates Nos. 272 and 533, and also seeking a foreclosure of an alleged paving lien on Lots 7 and 8, in Block 106, in the City of Brownsville. Originally the City of Brownsville was a party defendant to this suit, but was afterwards dismissed, and said City is not now in any way a party.

Genaro Martinez and wife defended against this suit upon the theory that Lots 7 and 8, in Block 106, constituted their homestead, and that they had never signed any instruments creating any lien against their homestead, and that the alleged paving liens were forgeries. It further appears that only the wife, Joaquina B. Martinez swore to the answer, and therefore, as we construe the answer, it is a plea of non est factum in due form, as far as the wife is concerned, but it is not such a plea insofar as Genaro Martinez is concerned.

The trial was before the court without the intervention of a jury. Judgment was rendered in favor of the Bitulithic Company against Genaro Martinez personally in the sum of $728.40, and a judgment of foreclosure against both Martinez and his wife as to said Lots 7 and 8, to satisfy the sum of $628.40. The judgment against Genaro Martinez included $100 attorney's fee, and no foreclosure against the homestead was allowed for the attorney's fee. From this judgment Genaro Martinez and wife, Joaquina B. Martinez, have prosecuted this appeal.

The first question to be considered is whether or not the evidence is sufficient to support the finding of the trial judge that Joaquina B. Martinez did execute the two paving contracts upon which this suit is based. In view of the fact that Joaquina B. Martinez filed a plea of non est factum as to these two paving contracts, the burden of proof was upon the plaintiff below, and the appellee here, to establish by a preponderance of the evidence the execution of the contracts. 14 Tex.Jur. p. 788, sec. 33; Art. 3734, R.C.S.1925; Art. 3726, R. C.S.1925, as amended by Acts 1927, 40th Leg., 1st Called Session, p. 198, Chap. 73, sec. 1, Vernon's Ann.Civ.St. art. 3726; 17 Tex.Jur. p. 332, sec. 103; Cox v. Cock, 59 Tex. 521; Jester v. Steiner, 86 Tex. 415, 25 S.W. 411; Crosby v. Ardoin, Tex.Civ. App., 145 S.W. 709; Ward v. Weaver, Tex.Civ.App., 19 S.W.2d 140; Id., Tex. Com.App., 34 S.W.2d 1093; Olschewske v. Smyth, Tex.Civ.App., 62 S.W.2d 220.

In Smith v. Dozier Construction Co., Tex.Civ.App., 66 S.W.2d 744, it seems that the Austin Court held that an acknowledged instrument might be received in evidence without the necessity of proving its execution, even though a plea of non est factum had been filed, but we are of the opinion that this case is contrary to the weight of authority in this State, and therefore decline to follow it.

Appellee, Southwest Bitulithic Company, attempted to prove the execution of the paving contracts by calling to the witness stand the only surviving subscribing witness, Antonia Martinez, who is the daughter of appellants, and was sixteen years of age at the time the contracts were alleged to have been executed. Antonia Martinez testified, in effect, that she signed her father's and mother's name to these contracts because the notary public, E. L. Kowalski, ordered her to do so; that she had no authority from her father and mother to sign their names to the contract, and that they were not present at the time she did so. Martinez and his wife were both called to the witness stand and both denied executing the contracts, and denied giving their daughter authority to sign their names to the same. They also denied that they acknowledged the contracts as certified to by the notary public. We therefore conclude that there was insufficient evidence to support the implied finding of the trial judge that the wife, Joaquina Martinez, executed the contracts. All of the evidence offered was to the effect that she did not execute the contracts,

and while there was some conflict in the testimony of the three Martinezes, which may have the effect of discrediting their testimony, to some extent, nevertheless, if their testimony is discredited, then there is no credible testimony in the record showing ·the execution of the contracts. We are therefore of the opinion that the evidence is insufficient to support that part of, the judgment which grants a foreclosure upon the homestead of Joaquina B. Martinez. Genaro Martinez not having filed a sworn denial of his execution of the paving liens, the paving contracts were admissible in evidence against him by virtue of the certificate of the notary public, and therefore the evidence is 'sufficient to support that part of the judgment which is against Genaro Martinez personally.

The judgment will be reversed insofar as it grants a foreclosure against the homestead, composed of Lots 7 and 8, in Block 106, and judgment here rendered that appellee, Southwest Bitulithic Company, be denied a foreclosure on said lots; otherwise the judgment will be affirmed. And it appearing to the Court that a supersedeas bond was given herein, appellee will be given judgment against such sureties for the amount of this judgment.

Reversed and rendered in part, affirmed in part.

### On Motion for Rehearing.

We are of the opinion that we were in error in granting judgment against the sureties on the supersedeas bond. Genaro Martinez has prosecuted his appeal with effect. He has been successful in setting aside that part of the judgment below which called for a foreclosure of a purported lien against his homestead. It is true this foreclosure was set aside because of the want of evidence to show that the wife had signed the paving liens; however, the fact remains that Genaro Martinez has prosecuted his appeal with effect.

Where an appellant prosecutes his appeal with effect, there can be no judgment on the supersedeas bond. It matters not that the amount of the judgment remains the same. The setting aside of a judgment of foreclosure is sufficient to render appellants' appeal effective. 3 C.J. 1272; Art. 2268, R.C.S.1925; Arts. 2267, 2268 and 2270; Blair v. Sanborn, 82 Tex. 686, 18 S.W. 159; Schutze v. Dabney, Tex. Civ.App., 204 S.W. 342; Home Investment Co. v. Strange, 109 Tex. 342, 195 S.W. 849, 204 S.W. 314, 207 S.W. 307; Connor v. City of Paris, 87 Tex. 32, 27 S.W. 88, 91; Trent v. Rhomberg, 66 Tex. 249, 18 S.W. 510; Wichita Falls, Ranger & Ft. Worth R. Co. v. Combes, 115 Tex. 405, 283 S.W. 135; 3 Tex. Jur. p. 1354, sec. 952; Arts. 1551, 1627, R.C. S.1925; Denton Milling Co. v. Blewett, Tex. Civ.App., 254 S.W. 236; Horn Co. v. Bonin, Tex.Civ.App., 23 S.W.2d 804; Chicago Fraternal Life v. Herring, Tex.Civ.App., 104 S.W.2d 901; Harris v. Ware, Tex. Civ.App., 93 S.W.2d 598, writ of error refused; Garrett v. Katz, 27 S.W.2d 373; Johnson v. Snaman, Tex.Civ.App., 76 S. W.2d 824.

Accordingly, that part of our judgment heretofore entered herein granting judgment over against the sureties on the supersedeas bond will be set aside and the judgment in all other particulars will be permitted to stand.

Appellee's motion for a rehearing is also overruled.